746 So.2d 550 (1999)
STATE of Florida, Appellant,
v.
Tyrone Bernard RANDALL, Appellee.
No. 99-1328.
District Court of Appeal of Florida, Fifth District.
December 13, 1999.
*551 Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Janet Brook Goodrich, Assistant Public Defender, Daytona Beach, for Appellee.
W. SHARP, J.
The state appeals a downward departure sentence which the trial court imposed on Randall in four separate cases.[1] We affirm for the reasons stated below.
Randall was charged with possession and sale of cocaine in four instances to the same confidential informant over a time period of several days in December 1998. The amounts totaled 1.8 grams and netted Randall $220.00. After his arrest, Randall made a full confession to the police. He has two children, who he is supporting, and he explained he was trying to get money for Christmas. Randall is twenty-one years old, and had no prior drug charges. He appeared remorseful for his crimes and explained he was not a drug dealer.
At a hearing, the trial judge told Randall that he would sentence Randall to fifteen months in prison, a downward departure: "If you plead, but I can't do anything unless you plead." Randall entered a plea of guilty. The court then imposed the departure sentence.
On appeal, the state argues that the trial judge improperly negotiated a sentence with Randall in exchange for a guilty plea. See State v. Gitto, 731 So.2d 686 (Fla. 5th DCA), rev. denied, 728 So.2d 202 (Fla.1998). However, in this case the state did not object to the alleged improper plea bargaining, and thus this issue has not been preserved. See State v. Odum, ___ So.2d ___, 1999 WL 543232 (Fla. 4th DCA 1999).
Second, the state argues that the reasons given for the departure sentence are invalid. At the hearing, defense counsel urged the court to depart based on the fact that Randall had confessed, that he was young and that the sales involved the same confidential informant over a short period of time around Christmas. The *552 state objected, claiming that these reasons were not legally recognized reasons for departure. This objection came before the sentence was imposed.
When the judge pronounced the departure sentence, he then stated on the record his reasons:
The Court is going to depart from the guidelines in as much as you don't have a prior criminal record of any significance at all; just that one.
And, two, this was an isolated incident in as much as the evidence is that it was around Christmas time, you had children to support, and that you were trying to make some money for that.
Number three, the same CI came to you and made these four charges against you in a short period of time, in a period of less than thirteen days at Christmas time which supports your story.
Number four, you made a full confession.
Number five, you show remorse in court today, and that justice will be better served for you and your family if you served fifteen months.
The state then objected to the downward departure sentence "for the record," but stated no grounds. Assuming the earlier objection can carry over to the court's reasons for departure, the state is not entitled to relief.
Section 921.0026(2) provides a list of mitigating circumstances which will justify a downward departure. This list includes the instance in which a defendant cooperates with the state to resolve the offense, the offense was committed in an unsophisticated manner, and the criminal acts constitute isolated incidents for which the defendant has shown remorse. § 921.0026(2)(i) and (j), Fla. Stat.(1999). However, this list of statutory departure reasons is not exclusive. § 921.0026(1). See also State v. Turro, 724 So.2d 1216 (Fla. 3d DCA 1998). In addition, even if some of the court's stated reasons are insufficient, only one valid reason is necessary to sustain a departure. § 921.002(3). See also Paul v. State, 722 So.2d 224 (Fla. 3d DCA 1998); State v. Whiting, 711 So.2d 1212 (Fla. 2d DCA 1998).[2]
In this case, the trial court determined the sales constituted isolated incidents, close in time, to the same person, at a time when Randall was trying to provide a good Christmas for his family, (an unsophisticated behavior) and that he was remorseful. These grounds are legally sufficient to support a downward departure sentence. State v. Sachs, 526 So.2d 48 (Fla.1988); State v. McCloud, 721 So.2d 1188 (Fla. 5th DCA 1998); State v. Merritt, 714 So.2d 1153 (Fla. 5th DCA 1998).
AFFIRMED.
PETERSON and THOMPSON, JJ., concur.
NOTES
[1] This case has been ordered to travel together with case numbers 99-246, 99-1066, and 99-1095. According to the state, these appeals all involve improper downward departure sentences entered by the same trial judge.
[2] The state is correct that lack of a prior criminal history is not a valid reason for departure because that fact is taken into account by the guidelines. State v. Whiting, 711 So.2d 1212 (Fla. 2d DCA 1998). The state also argues that remorse alone is insufficient to sustain a downward departure. See, e.g., State v. Falocco, 730 So.2d 765 (Fla. 5th DCA 1999) (downward departure from guidelines sentence is permissible if the offense was committed in an unsophisticated manner, it was an isolated incident, and the defendant has shown remorse, but all three elements must be shown). However, in Whiting, the second district observed that the Florida Supreme Court's opinion in State v. Sachs, 526 So.2d 48 (Fla.1988), could be interpreted as holding that remorse alone is a sufficient mitigating factor. In any event, the trial court's reasons for departure should be viewed in their totality.