867 So.2d 636 (2004)
STATE of Florida, Appellant,
v.
Jose Luis DELEON, Appellee.
No. 5D03-1349.
District Court of Appeal of Florida, Fifth District.
March 12, 2004.
*637 Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
James B. Gibson, Public Defender, and Scott Ragan, Assistant Public Defender, Daytona Beach, for Appellant.
PER CURIAM.
Jose Luis Deleon entered a plea of guilty to the sale of cocaine and possession of cocaine in violation of sections 893.13(1)(a)1 and (6)(c), Florida Statutes (2001). Although his score sheet provided for a period of 22.8 months as the lowest possible prison sentence, the trial court departed downward by imposing a sentence of two five-year periods of probation to be served concurrently. The court's reason for the departure was the "unsophisticated nature of the offense." The State appeals the downward departure.
Section 921.0026(2)(j), Florida Statutes (2001), provides that one of the non-exclusive grounds for departure is that "the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." All three enumerated elements of section 921.0026(2)(j), that the offense was 1) committed in an unsophisticated manner; 2) an isolated incident; and 3) the defendant must show remorse, must exist to constitute a basis for downward departure. E.g., State v. Thompson, 844 So.2d 814 (Fla. 5th DCA 2003). The three required elements of section 921.0026(2)(j) must be supported by the record. Id. at 815.
Here, the trial court only found that Deleon's offense was unsophisticated in nature but failed to find that Deleon's offense was an isolated incident or that he was remorseful. Deleon's offense could not have been characterized as isolated because his score sheet reflected previous offenses including four third-degree felonies, one second-degree felony and various misdemeanors. One of those felonies was for possession of cocaine and the others included tampering with evidence, felony assault, dealing in stolen property and grand theft. Additionally, the fact that Deleon was riding a bicycle when he sold his cocaine to an undercover policeman does not appear to us to be an unsophisticated way to transport cocaine to a location for sale.
*638 The sentence is vacated and we remand to the trial court for re-sentencing.
REVERSED and REMANDED.
SAWAYA, C.J., PETERSON and PALMER, JJ., concur.