898 So.2d 268 (2005)
STATE of Florida, Appellant,
v.
Victor L. TICE, Appellee.
No. 5D04-486.
District Court of Appeal of Florida, Fifth District.
March 18, 2005.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellant.
James S. Purdy, Public Defender, and Allison Havens, Assistant Public Defender, Daytona Beach, for Appellee.
PETERSON, J.
The State of Florida appeals a downward departure sentence imposed upon *269 Victor L. Tice after he was convicted of burglary of a dwelling,[1] and resisting an officer without violence.[2] The trial court refused to impose a guidelines sentence of 34.2 months; instead, the court imposed a departure sentence of 8 months, finding that the burglary was committed in an unsophisticated manner and was an isolated incident for which Tice had shown remorse.
Section 921.0016(4), Florida Statutes (2003), provides a non-exclusive list of mitigating circumstances that will justify a downward departure. Section 921.0016(4)(j), authorizes a trial court to depart from a guidelines sentence where the preponderance of the evidence demonstrates that (1) the crime was committed in an unsophisticated manner; (2) the crime was an isolated incident; and (3) the defendant has shown remorse. When a departure is based on section 921.0016(4)(j), all three elements must be met to justify the departure. See, e.g., State v. Thompson, 844 So.2d 814 (Fla. 5th DCA 2003). While Tice has shown remorse, his criminal history does not support the conclusion that his latest felonies were isolated incidents. His scoresheet indicates that he was previously convicted of (1) resisting an officer without violence; (2) two violations of probation; (3) aggravated battery with a deadly weapon; and (4) fleeing or attempting to elude a police officer.
We vacate the downward departure sentence and remand for resentencing within the guidelines. See, e.g., State v. Jordan, 867 So.2d 635 (Fla. 5th DCA 2004) (recognizing that for purposes of section 921.0016(4)(j), a crime may not be considered an isolated incident where the defendant has previously been convicted of other felonies and misdemeanors).
SENTENCE VACATED; REMANDED.
GRIFFIN and MONACO, JJ., concur.
NOTES
[1] § 810.02(3), Fla. Stat. (2003).
[2] § 843.02.