901 So.2d 942 (2005)
STATE of Florida, Appellant/Cross-Appellee,
v.
Jimmy Ray AYERS, Appellee/Cross-Appellant.
No. 2D04-1617.
District Court of Appeal of Florida, Second District.
April 29, 2005.
*943 Charles J. Crist, Jr., Attorney General, Tallahassee, and Amanda Lea Colon, Assistant Attorney General, Tampa, for Appellant/Cross-Appellee.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellee/Cross-Appellant.
CANADY, Judge.
The State appeals Jimmy Ray Ayers's downward departure sentence of twenty-two months' community control imposed after a jury found him guilty of possession of cocaine. The State contends that there was no factual basis for the downward departure. In his cross-appeal, Ayers presents a claim of ineffective assistance of trial counsel. Ayers also contends that the issue presented by the State was not preserved in the trial court.
Because ineffectiveness of trial counsel is not apparent on the face of the appellate record, we conclude that Ayers's ineffectiveness claim was not properly raised in this direct appeal. See Corzo v. State, 806 So.2d 642, 645 (Fla. 2d DCA 2002). We conclude, however, that the State's claim that the downward departure sentence lacked a factual basis was properly preserved and has merit; we therefore reverse the sentence.

Background
The State charged Ayers with the third-degree felony offense of possession of cocaine in violation of section 893.13, Florida Statutes (2003), and the misdemeanors of *944 possession of paraphernalia in violation of section 893.147 and fleeing or attempting to elude in violation of section 316.1935, Florida Statutes (2003). Ayers entered a guilty plea to the two misdemeanor charges and proceeded to trial on the possession of cocaine charge.
The Criminal Punishment Code scoresheet utilized by the trial court in sentencing Ayers showed a lowest permissible prison sentence of 146.5 months (12.2 years). The scoresheet reflected a prior record with multiple felony convictions. These prior crimes included four offenses of kidnapping and four offenses of robbery with a firearm. Ayers's prior offenses resulted in the assessment of 203 sentence points. The assessment of those points for Ayers's extensive prior record explains the severity of the lowest permissible prison sentence on Ayers's scoresheet.
At the beginning of the sentencing hearing, the trial court announced, "I clearly do not think the sentencing guidelines are appropriate." Counsel for Ayers argued that a downward departure was justified because the crime was committed in an unsophisticated manner, Ayers was remorseful, and Ayers had no prior history involving drug offenses. In his testimony at the sentencing hearing, Ayers contended that he was unaware that he was in possession of the cocaine. Various witnesses testified concerning Ayers's good character. Neither Ayers nor any of the other witnesses offered any testimony concerning Ayers's remorse for the commission of the offense. After the testimony of the defense witnesses, the assistant state attorney stated: "Your honor, while I agree that the maximum sentence is disproportionate to what these charges were, I don't see a legal reason to depart from the sentence in this matter."
The trial court then expressed disbelief in Ayers's claim to lack of knowledge concerning the cocaine but proceeded to announce the imposition of a downward departure sentence for Ayers:
I don't see the citizens of the State of Florida benefitting by sending you to prison, so I am adjudging you guilty of possession of cocaine, and I'm placing you on two years of community control.... You could arguably say that this was an isolated incident and unsophisticated.... I don't know that that's a very strong point on appeal, in the event the State wants to take an appeal.... But you just didn't do anything in my opinion that would justify sending you to State Prison, and that's why you got the sentence you did.

Analysis
Before considering the merits of the State's argument on appeal, we address Ayers's contention that the State failed to preserve the issue which the State has presented on appeal. In short, Ayers asserts that the comment of counsel for the State that "I don't see a legal reason to depart" was insufficient to preserve the issue. Ayers's position is without merit. The State's objection was "sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor." § 924.051(1)(b), Fla. Stat. (2003); see also § 924.051(3). The State's objection made clear that the State sought imposition of a nondeparture sentence because there was no legal reason justifying a downward departure.
We therefore turn to an evaluation of the merits of the State's claim that there was no legal basis for the downward departure sentence.
Section 921.0026(1), Florida Statutes (2003), provides that a sentence less severe than the lowest permissible sentence shown on the Criminal Punishment Code scoresheet "is prohibited unless there are circumstances or factors that reasonably *945 justify the downward departure." See also § 921.00265(1). Section 921.0026(2), which sets forth a nonexclusive list of such mitigating circumstances, provides in pertinent part: "Mitigating circumstances under which a departure from the lowest permissible sentence is reasonably justified include... (j) The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." Under section 921.002(3), "[t]he level of proof necessary to establish facts supporting the mitigation of a sentence is a preponderance of the evidence" and any downward departure sentence "must be explained in writing by the trial court judge." See also § 921.00265(2).
Here, although the trial court failed to explain in writing the reason for the downward departure, the transcript of the sentencing hearing makes clear that the trial court relied on the mitigating circumstance set forth in section 921.0026(2)(j) as the basis for imposing a downward departure. The transcript makes equally clear that the trial court's reliance on that mitigating circumstance was unwarranted.
Three elements must be shown to establish the existence of the mitigating circumstance listed in section 921.0026(2)(j): (a) the offense must have been "committed in an unsophisticated manner," (b) the offense must have been "an isolated incident," and (c) the defendant must have "shown remorse" for the offense. "To justify departure on this basis, all three elements must be articulated by the trial judge and supported by the record." State v. Cooper, 889 So.2d 119, 119 (Fla. 4th DCA 2004).
The evidence in the record before us does not support the existence of any of the elements, much less all three elements. The trial court did not even suggest that Ayers had "shown remorse" for his offense. And Ayers himself continued to deny his responsibility for the offense. It is impossible for a defendant who refuses to accept responsibility for an offense to show remorse for that offense. The record is also devoid of any showing that the offense was "committed in an unsophisticated manner." Most saliently, the record specifically demonstrates that the crime for which Ayers was convicted was not "an isolated incident." A defendant's extensive prior criminal record precludes a showing that an offense was "an isolated incident." See State v. McGriff, 698 So.2d 331, 332 (Fla. 2d DCA 1997) ("[The defendant's] prior record is extensive; therefore, it cannot be said that these were isolated incidents."). The fact that a defendant who has previously committed numerous offenses has not in the past committed the same crime as the offense for which he is being sentenced does not mean that the current offense is "an isolated incident." See id.
Although the trial court made reference to two of the elements in section 921.0026(2)(j) in the court's attempt to articulate an appropriate basis for the downward departure, the entirety of the trial court's comments shows that the underlying basis for the decision to impose a departure sentence was the trial court's view that the sentence required by the Criminal Punishment Code was not "appropriate" and that the citizens of the State would not "benefit[] by sending [Ayers] to prison." In short, the trial court gave Ayers a downward departure sentence because the trial court disagreed with the legislative determination of sentencing policy in the Criminal Punishment Code. In doing so, the trial court deviated from its proper role of applying the applicable law.
In the Criminal Punishment Code, the legislature has made the policy determination that certain offenders, because of *946 their prior criminal record, should receive sentences which exceed the statutory maximum ordinarily applicable to the offense for which they are being sentenced. See § 921.0024(2) ("If the lowest permissible sentence under the code exceeds the statutory maximum sentence as provided in s. 775.082, [Florida Statutes (2003),] the sentence required by the code must be imposed."); see also Fla. R.Crim. P. 3.704(d)(25); Butler v. State, 838 So.2d 554 (Fla.2003). Ayers falls within the scope of this legislative policy. Because of his prior criminal record, the Criminal Punishment Code provides for a lowest permissible sentence12.2 yearsthat significantly exceeds the 5-year maximum sentence ordinarily applicable under section 775.082(3)(d) to Ayers's third-degree felony offense of cocaine possession.
Criminal sentencing policy is a matter of substantive law that is within the province of the legislature. See Hall v. State, 823 So.2d 757, 763 (Fla.2002) ("[A] statutory criminal sentencing scheme, such as the [Criminal Punishment] Code, is substantive in nature because it is a product of legislative policy."). A trial court may not ignore the criminal sentencing policy established by the legislature simply because that policy offends the trial court's sensibilities. "[I]t is improper [for a trial court] to depart based on the trial court's perception that the [lowest permissible] sentence under the [Code] is not commensurate with the seriousness of the crime." State v. Baker, 498 So.2d 1031, 1032 (Fla. 1st DCA 1986); see also State v. Lerman, 624 So.2d 849, 849 (Fla. 2d DCA 1993) ("We agree with the state that the [downward departure] reason reflects the trial court's disagreement with the guidelines and is invalid."). When imposing a sentence, a trial court must act within the bounds of the discretion granted by the legislature. Here, the trial court failed to do so.

Conclusion
The sentence imposed on Ayers for the cocaine possession offense is reversed, and the case is remanded for imposition of a sentence consistent with this opinion.
Conviction affirmed, sentence reversed, and case remanded for resentencing.
ALTENBERND, C.J., and STRINGER, J., Concur.