955 So.2d 1248 (2007)
STATE of Florida, Appellant,
v.
David FONTAINE, Appellee.
No. 4D05-3772.
District Court of Appeal of Florida, Fourth District.
May 16, 2007.
*1249 Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellant.
William B. Richbourg, Pensacola, for appellee.
PER CURIAM.
The state appeals a downward departure sentence for appellant's conviction for aggravated child abuse. The trial court departed on two grounds. As competent substantial evidence supported the trial court's finding that the capacity of the defendant to appreciate the criminal nature of his conduct or to conform to the requirements of law was substantially impaired at the time of the offense, we affirm.
Appellant, David Fontaine, pled guilty to aggravated child abuse for beating his fiancée's nine-year-old son. During the course of disciplining the child, Fontaine struck him repeatedly with a belt, causing welts and bruises all over his body. Fontaine filed a motion for downward departure from the lowest permissible sentence under the criminal punishment code, and the court held an evidentiary hearing on the grounds for departure.
At the evidentiary hearing, Fontaine's fiancée, with whom he had a child, testified that his behavior changed after he had been in a serious accident and was given a substantial amount of drugs. She described him as very depressed. Fontaine's mother testified similarly and noted that the more medications he took, the angrier he got.
Fontaine himself testified and explained that after the accident he went through multiple surgeries. Between his depression and "the pain and the anger from the oxycontin, I was not myself." He said that he was still depressed, and he felt that the incident of child abuse occurred due to his problems with depression, pain, and the side effects of oxycontin. He had a lot of anger and hostility. Moreover, he did not remember the entire incident. Shortly after the incident, he changed doctors and was taken off several of his medications. After he was released from jail, he signed up for anger management classes. Trying to explain his behavior, he said, "It wasn't me; I exploded. I didn't do it on purpose." He expressed extreme remorse.
The trial court decided to downward depart based upon its conclusion that the offense was an isolated incident for which Fontaine showed remorse. The court also found that Fontaine's capacity to appreciate the criminal nature of his conduct or to conform that to the requirements of law was substantially impaired at the time of the offense. The court placed him on probation for five years. The state appeals the downward departure.
A trial court uses a two-step inquiry when deciding whether to depart from the sentencing guidelines. Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). First, the trial court must determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it. Id. Legal grounds are set forth in case law and statute, and facts supporting the grounds must be proven at trial by a preponderance of the evidence. Id. The burden of proof lies with the defendant. State v. Silver, 723 So.2d 381, 383 (Fla. 4th DCA 1998). This is a mixed question of law and fact and will be sustained on review if the court applied the *1250 right rule of law and if competent substantial evidence supports its ruling. Banks, 732 So.2d at 1067. Second, the trial court further must determine whether it should depart, i.e., the court weighs the totality of the circumstances to determine whether departure is the best sentencing option for the defendant in the pending case. Id. at 1068. This second aspect of the decision to depart is a judgment call within the sound discretion of the court and will be sustained on review absent an abuse of discretion. Id.
The state contests the trial court's findings on both reasons for departure. Fontaine abandons any argument in support of the trial court's first ground for departure, but contends that competent substantial evidence supports the departure on the second ground. We need not address the first ground because the second ground is dispositive.
Section 921.0026(2)(c), Florida Statutes, provides that a downward departure is permitted if "[t]he capacity of the defendant to appreciate the criminal nature of the conduct or to conform that conduct to the requirements of law was substantially impaired." The trial court applied a valid basis for downward departure. The record contains factual support for this ground. As a result of a serious accident and multiple surgeries, Fontaine was on multiple medications, including oxycontin. His fiancée testified that his doctor did not properly dose-reduce medications when changing them. Both because of the accident and the medications, he had significant pain, depression, and anger. Fontaine did not remember much of the incident which occurred in a fit of anger while Fontaine was disciplining the child. Such an incident had never occurred before and shocked his fiancée. After the incident, he stopped taking oxycontin and several other medications.
This evidence could lead to the conclusion that Fontaine's capacity to appreciate the criminal nature of his conduct in striking the child while disciplining him was substantially impaired because of the effects of the various medications he was taking, his pain, and his depression. While the case is close, and some of the evidence was conflicting, the trial court as finder of fact had evidence from which to draw its conclusion. Thus, the first step of the inquiry is met.
As to the second step of the inquiry, the trial court exercised its sound discretion in departing, and we find no abuse of that discretion.
For these reasons, we affirm the downward departure sentence imposed by the court.
STEVENSON, C.J., and TAYLOR, J., concur.
WARNER, J., concurs specially.
WARNER, J., concurring specially.
I concur in the majority opinion, but I would also affirm the trial court's finding that this offense was committed in an unsophisticated manner, and was an isolated incident for which Fontaine showed remorse. See § 921.0026(2)(j), Fla. Stat. (downward departure permissible where "[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse."). All three elements must be met before the trial court may depart under this factor. State v. Cooper, 889 So.2d 119, 119 (Fla. 4th DCA 2004); Staffney v. State, 826 So.2d 509, 511-12 (Fla. 4th DCA 2002).
Fontaine abandoned that argument because of case law which suggested to him that a finding that a crime was an isolated incident could not stand where a defendant *1251 had any prior criminal history. In State v. Deleon, 867 So.2d 636, 637 (Fla. 5th DCA 2004), the court determined that the defendant's offense "could not have been characterized as isolated because his score sheet reflected previous offenses including four third-degree felonies, one second-degree felony and various misdemeanors."[1] Similarly, in State v. Ayers, 901 So.2d 942, 945 (Fla. 2d DCA 2005), the court said, "A defendant's extensive prior criminal record precludes a showing that an offense was `an isolated incident.'" (emphasis added). See also State v. McGriff, 698 So.2d 331, 332 (Fla. 2d DCA 1997).
Here, Fontaine committed two misdemeanors (larceny and reckless driving) ten years earlier. That was his only criminal record. Having only two misdemeanor convictions ten years before the current offense does not prevent a finding that this offense is an isolated incident. This incident is an isolated incident, and no prior case law suggests to the contrary. Whether an incident is isolated is an issue of fact to be determined by the trial court and will not be reversed if there is competent substantial evidence to support it.
I also conclude that competent substantial evidence supports the other two elements, namely its unsophisticated manner and appellant's showing of remorse. Therefore I would affirm on this aspect as well.
NOTES
[1] In State v. Cooper, 889 So.2d 119 (Fla. 4th DCA 2004), our court cited to Deleon generally as authority for our conclusion that the trial court's finding of an "isolated" incident was not supported by the record. In a parenthetical, we incorrectly quoted from the Deleon opinion that "where defendant's scoresheet reflected previous felonies and misdemeanors, his conduct could not have been characterized as isolated." That quote does not appear in the Deleon opinion, and the quote in this concurring opinion is correct. It appears that the state and Fontaine have taken the parenthetical in Cooper to mean any prior offenses will prevent a finding that the incident is isolated. That is not the case.