971 So.2d 219 (2008)
STATE of Florida, Appellant,
v.
Jimmie C. GAINES, Appellee.
No. 4D07-774.
District Court of Appeal of Florida, Fourth District.
January 2, 2008.
*220 Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellee.
STEVENSON, J.
Jimmie Gaines was tried by jury and convicted of fleeing or attempting to elude a marked police car, possession of cocaine, and habitual driving with a revoked license. Then, despite defense counsel's representation that there was no basis for a downward departure sentence and over the State's objection, relying upon section 921.0026(2)(j), Florida Statutes (2006), the trial judge imposed a sentence that was less than the lowest permissible sentence reflected on Gaines's Criminal Punishment Code score sheet. The State has appealed the downward departure sentence. Gaines has cross-appealed, arguing that errors in jury selection and closing arguments require a new trial. We reject the arguments raised by Gaines in his cross-appeal and affirm his convictions without further comment. We find merit, though, in the State's claim that the departure sentence cannot be sustained and write to address this issue.
Section 921.0026(2)(j), Florida Statutes (2006), permits the imposition of a sentence that is less than the lowest permissible sentence as calculated under a defendant's Criminal Punishment Code score sheet where "[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." All three componentsthat the crime was committed in an unsophisticated manner, that the crime was an isolated incident, and that the defendant has shown remorsemust be present in order for a downward departure sentence to be imposed under the statute. See State v. Ayers, 901 So.2d 942, 945 (Fla. 2d DCA 2005). With respect to the second componentthat the crime was an isolated incident"[a] defendant's extensive prior criminal record precludes a showing that an offense was `an isolated incident.'" Id. (emphasis added). Moreover, "[t]he fact that a defendant who has previously committed numerous offenses has not in the past committed the same crime as the offense for which he is being sentenced does not mean that the current *221 offense is `an isolated incident.'" Id. Gaines has eighteen prior convictionssix for driving with a suspended license, two for burglary of a conveyance, three for burglary of a dwelling, five for larceny, one for possession of cocaine, and one for robbery. A downward departure sentence predicated upon section 921.0026(2)(j) thus plainly cannot be sustained. See State v. McGriff, 698 So.2d 331, 332 (Fla. 2d DCA 1997) (noting that in assessing a downward departure the current crime(s) cannot be considered isolated where the defendant's prior record is "extensive").
State v. Randall, 746 So.2d 550 (Fla. 5th DCA 1999), relied upon by the trial judge in imposing the departure sentence, and State v. Fontaine, 955 So.2d 1248 (Fla. 4th DCA 2007), cited by the defendant, are distinguishable. In neither of those cases did the defendant have the extensive criminal record that is present here.
In Randall, a twenty-two-year-old defendant made four sales of cocaine to the same confidential informant over the course of four days. The cocaine totaled 1.8 grams and made Randall $220.00. Randall, who had two children and no prior drug charges, confessed to police, explaining he was not a drug dealer and was just trying to get money for Christmas. Randall apparently had only a single prior conviction. 746 So.2d at 552. At the sentencing hearing, the judge indicated he would impose a downward departure sentence if Randall pled guilty. Randall entered the plea and the trial court imposed a downward departure sentence, relying upon section 921.0026(2)(i) (the defendant cooperated with the State) and section 921.0026(2)(j) (the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse). The sentence was affirmed on appeal.
In Fontaine, the defendant disciplined his fiancée's nine-year-old son by repeatedly striking him with a belt, causing welts and bruising. During sentencing, the fiancée testified that the defendant had been in a serious accident, had been given a substantial amount of drugs, and, as a result, had become depressed and angry. Fontaine, too, attributed the behavior to the drugs and the pain, indicating he did not remember the entire incident and expressing extreme remorse. The trial court imposed a departure sentence, relying upon section 921.0026(2)(c) (the defendant's capacity to appreciate the criminal nature of his behavior was substantially impaired at the time of the offense) and (j) (the offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse). The majority affirmed the departure sentence based upon section 921.0026(2)(c). Fontaine had a prior criminal record, i.e., two misdemeanors, larceny and reckless driving, committed some ten years earlier and, thus, had apparently abandoned his claim that the departure sentence was authorized under section 921.0026(2)(j). In a special concurrence, Judge Warner wrote that she believed the sentence could also be sustained under section 921.0026(2)(j). 955 So.2d at 1250-51. Gaines's criminal record is simply not akin to that of the defendant in Fontaine. While the cases have established no bright-line rule as for when a defendant's prior criminal record is so "extensive" that it precludes a downward departure under section 921.0026(2)(j), we have little trouble concluding that Gaines's record crosses that border.
In sum, after considering all issues, including those not expressly addressed herein, we affirm Gaines's convictions, reverse the downward departure sentence, and remand for resentencing.
*222 Affirmed in part, Reversed in part and Remanded.
STONE, J., and TRAWICK, DARYL EVAN, Associate Judge, concur.