DAMOORGIAN, J.
 

 The State of Florida timely appeals the trial court’s downward departure sentence imposed on Michael Waterman on a charge of escape. In this appeal, the State argues that the trial court erred in granting Waterman a downward departure sentence pursuant to section 921.0026(2)(j), Florida Statutes (2008), because the record shows that his escape charge was not an isolated incident, one of the requirements for a mitigated sentence under that subsection of the statute. We agree and vacate Waterman’s sentence on the charge and remand for resentencing.
 

 By way of background, Waterman was charged with one count of escape, as well two counts of battery on a law enforcement officer and four misdemeanors, including a DUI. He entered an open no contest plea to all charges and moved to be sentenced as a youthful offender. His sentencing scoresheet showed a lowest permissible prison sentence of 23.625 months.
 
 *1267
 
 The scoresheet also showed that Waterman has a criminal record consisting of misdemeanor charges for possession of cannabis, battery, petit theft, and trespass, and one felony charge for aggravated battery with a deadly weapon. In addition, defense counsel proffered that Waterman had a prior DUI conviction within twelve months of his current charges, although this conviction does not appear on his scoresheet.
 

 At the conclusion of the sentencing hearing, the State recommended that Waterman be sentenced to five years in prison. The defense requested a youthful offender sentence consisting of a term of probation. With respect to the escape charge, the trial court denied the motion for a youthful offender sentence, and instead granted a downward departure, withheld adjudication, and sentenced Waterman to six months of community control followed by six and one-half years of drug offender probation. This downward departure sentence was based on the trial court’s determination that the escape was committed in an unsophisticated manner and was an isolated incident for which Waterman had shown remorse. The trial court characterized Waterman’s criminal record as “a serious background,” “a terrible juvenile record,” and a “[b]ad record.” Nevertheless, the court expressed its desire to keep Waterman out of the adult prison system because “[h]e is not going to come out better.” The State objected to the downward departure sentence.
 

 The State argues that the trial court erred in granting Waterman a downward departure sentence because his escape charge was not an isolated incident. Waterman contends that all of his prior crimes occurred while he was a juvenile, so they should not be considered when determining whether his present crime was an isolated incident under section 921.0026(2)©, Florida Statutes (2008).
 

 The imposition of a downward departure sentence is a two-step process, described as follows:
 

 First, the court must determine whether it
 
 can
 
 depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step 1). Legal grounds are set forth in case law and statute, and facts supporting the ground must be proved at trial by a preponderance of the evidence. This aspect of the court’s decision to depart is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling. ... Second, where the step 1 requirements are met, the trial court further must determine whether it
 
 should
 
 depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case.
 

 Banks v. State,
 
 732 So.2d 1066, 1067-68 (Fla.1999) (citations omitted). Section 921.0026(2)(j), Florida Statutes (2008), permits a trial court to depart from the lowest permissible sentence when “[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.” To support a downward departure based on this particular mitigator, all three elements must be shown: (1) the crime was committed in an unsophisticated manner, (2) the crime was an isolated incident, and (3) the defendant has shown remorse.
 
 State v. Gaines,
 
 971 So.2d 219, 220 (Fla. 4th DCA 2008).
 

 The second element of the miti-gator — that the crime was an isolated inci
 
 *1268
 
 dent — is the focus of this appeal.
 
 [1]
 
 Neither the legislature nor the courts have established a bright-line rule for determining whether an offense is an isolated incident.
 
 See id.
 
 at 221. Instead, the courts have set forth the standard that “[a] defendant’s extensive prior criminal record precludes a showing than an offense was ‘an isolated incident.’ ”
 
 State v. Ayers,
 
 901 So.2d 942, 945 (Fla. 2d DCA 2005);
 
 see, e.g., Gaines,
 
 971 So.2d at 221 (where the defendant had eighteen prior convictions);
 
 State v. Stephenson,
 
 973 So.2d 1259, 1263-64 (Fla. 5th DCA 2008) (where the defendant had at least seventeen prior convictions). This standard applies even if the defendant’s record does not include the same offense for which he is presently being sentenced.
 
 Ayers,
 
 901 So.2d at 945;
 
 State v. Knox,
 
 990 So.2d 665, 669 (Fla. 5th DCA 2008).
 

 A trial court is not, however, precluded from giving a defendant a downward departure sentence just because the defendant has
 
 any
 
 prior criminal history.
 
 See, e.g., State v. Fontaine,
 
 955 So.2d 1248, 1251 (Fla. 4th DCA 2007) (Warner, J., concurring) (the defendant’s current offense was an isolated incident where his criminal record included two misdemeanors that were committed ten years earlier);
 
 State v. Randall,
 
 746 So.2d 550, 552 (Fla. 5th DCA 1999) (the defendant’s current offense was an isolated incident where he had only one prior criminal conviction).
 

 Thus, the issue for this Court is whether Waterman’s criminal history is so extensive that it precludes a downward departure sentence under section 921.0026(2)(j), Florida Statutes (2008). Waterman’s history consists of at least four misdemeanors, a felony aggravated battery with a deadly weapon for which he was sentenced about two years before he committed the current offenses, and a DUI that occurred less than a year before the current offenses. On one hand, his history is certainly not as extensive as the defendants in
 
 Ayers
 
 and
 
 Gaines,
 
 and the escape and accompanying charges were his first criminal charges as an adult. Nevertheless, his history is distinguishable from the defendants’ histories in
 
 Fontaine
 
 and
 
 Randall
 
 because he has more than just one or two misdemeanor charges on his record. In addition, his history shows an emerging pattern of alcohol-related crimes, in that his current escape charge arose out of his second arrest for DUI within a year.
 

 Waterman’s record is more similar in scope to the defendant’s record in
 
 State v. Tice,
 
 898 So.2d 268 (Fla. 5th DCA 2005). In
 
 Tice,
 
 the defendant’s scoresheet indicated that he was previously convicted of resisting an officer without violence, two violations of probation, aggravated battery with a deadly weapon, and fleeing or attempting to elude a police officer.
 
 Id.
 
 at 269. Thus, the defendant’s record fell somewhere in the middle of the spectrum of criminal records, where on one end lies the defendant with a clearly excessive record, and on the other end lies a defendant with no prior criminal record. The Fifth District Court of Appeal held that the defendant’s record, while mid-spectrum, precluded his current offense from being labeled “isolated.”
 
 See id.
 
 Thus, the statutory mitigator did not apply.
 
 Id.
 
 We agree with that analysis, and hold that Waterman’s record is too extensive for his escape charge to be labeled “isolated” under section 921.0026(2)(j), Florida Statutes (2008).
 

 Accordingly, there is not competent, substantial evidence to support the trial
 
 *1269
 
 court’s ruling that Waterman’s escape charge was an isolated incident. His criminal history precludes him from receiving a downward departure sentence under section 921.0026(2)(j), Florida Statutes (2008). Moreover, his argument that one of the other statutory mitigators might apply is not supported by the record. Thus, the trial court erred in departing downward from the sentencing guidelines to sentence Waterman on Count 1, escape. We reverse Waterman’s downward departure sentence for Count 1 and remand for re-sentencing.
 

 Reversed and Remanded.
 

 STEVENSON and HAZOURI, JJ., concur.
 

 [1]
 

 . The State does not contest that Waterman committed the escape in an unsophisticated manner. The State does contend that Waterman did not show remorse for the escape, but admits that it did not preserve this issue for appellate review.