GILLESPIE, KENNETH L., Associate Judge.
 

 The State of Florida appeals a downward departure sentence imposed by the trial court after a jury found Wilbert Johnson Jr. guilty for failing to properly register as a sex offender. While Johnson’s sentencing scoresheet resulted in a minimum guidelines sentence of 51 months of imprisonment, the trial court sentenced him to two years of imprisonment. The State argues on appeal that the downward departure, imposed pursuant to subsection 921.0026(2)(c), Florida Statutes (2008), was not justified under the facts of this ease. We agree with the State and reverse and remand for resentencing.
 

 I. FACTS
 

 Johnson was adjudicated guilty by the trial court after the jury found him guilty of failing to properly register as a sex offender as required under Florida law. In 2006, subsection 943.0435(14), Florida Statutes, required sex offenders to “report in person each year during the month of the sexual offender’s birthday and during the
 
 sixth
 
 month following the sexual offender’s birth month to the sheriffs office in the county in which he or she resides or is otherwise located to reregister.” (Emphasis added). However, in 2007, the Legislature amended the law to require sex offenders who had been convicted of certain, specified offenses to “reregister each year during the month of the sexual offender’s birthday and every
 
 third
 
 month thereafter.” § 943.0435(14)(b), Fla. Stat. (2007) (emphasis added). This change in the law apparently altered Johnson’s reporting requirements.
 

 At the sentencing hearing, Johnson argued for the application of two mitigating factors pursuant to section 921.0026, Florida Statutes (2008). Only subsection 921.0026(2)(c) is relevant to this appeal. Specifically, Johnson argued that his capacity to understand the criminal nature of his conduct was substantially impaired due to the change in the law, of which he was not aware. Over the State’s objection that the factor did not apply, the trial court granted the downward departure.
 

 II. ANALYSIS
 

 A trial court’s decision to grant a downward departure is a two-step process.
 
 State v. Alonso,
 
 31 So.3d 265, 266 (Fla. 4th DCA 2010). “First, the court must determine whether it
 
 can
 
 depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it....”
 
 Banks v. State,
 
 732 So.2d 1065, 1067 (Fla.1999) (emphasis in original). Second, where the requirements of the first step are met, the trial court “must determine whether it
 
 should
 
 depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case.”
 
 Id.
 
 at 1068 (emphasis in original).
 

 While the second step “is a judgment call within the sound discretion of the court and will be sustained on review absent an abuse of discretion, the first step is “a mixed question of law and fact and will be sustained on review if the court
 
 *148
 
 applied the right rule of law and if competent substantial evidence supports its ruling.”
 
 Id.
 
 at 1067-68. The defendant has the burden of proof to establish the facts that support a downward departure by a preponderance of the evidence.
 
 See id.
 
 at 1067;
 
 State v. Petringelo,
 
 762 So.2d 965, 965 (Fla. 2d DCA 2000).
 

 In analyzing the first step, we must determine whether the trial court could depart from the sentencing guidelines based on a valid legal ground and whether there was adequate factual support for that ground based on the specific facts of this case. As such, the issue revolves around whether Johnson’s lack of knowledge of the change in the registration law implicated subsection 921.0026(2)(c), which allows a trial court to depart when “[t]he capacity of the defendant to appreciate the criminal nature of the conduct ... was substantially impaired,” to the extent that it was a legally valid reason for a downward departure.
 

 Based on subsection 921.0026(2)(c)’s plain language, we agree with the State that the trial court erred in applying the substantially-impaired-capacity mitigating factor.
 
 See Daniels v. Fla. Dep’t of Health,
 
 898 So.2d 61, 64 (Fla.2005) (when a statute is clear and unambiguous, courts will not look behind the statute’s plain language or resort to rules of construction);
 
 Green v. State,
 
 604 So.2d 471, 473 (Fla.1992) (“If necessary, the plain and ordinary meaning of the word can be ascertained by reference to a dictionary.” (citation omitted)).
 

 Black’s Law Dictionary
 
 220 (8th ed.2004) defines capacity as “[t]he mental ability to understand the nature and effect of one’s acts.” Knowledge is defined, however, as “[a]n awareness or understanding of a fact or circumstance; a state of mind in which a person has no substantial doubt about the existence of a fact.”
 
 Id.
 
 at 888. For section 921.0026(2)(c) to apply, it is not enough that a defendant simply not know that what he was doing was criminal or wrong; the defendant must have been unable to understand that what he was doing was criminal or wrong. Johnson’s claim was that he did not know of the change in the sex offender registration law, not that he did not understand it. Thus, the circumstance that serves as a factual predicate in this case for the application of subsection 921.0026(2)(c) is knowledge—
 
 not
 
 capacity. It therefore is not a valid legal ground upon which a downward sentence can be granted.
 
 [1]
 

 While the trial court’s compassion and legal rationale to justify its findings are honorable, they do not support a basis under 921.0026(2)(c) for the granting of a downward departure. Notably, justifying
 
 *149
 
 a 921.0026(2)(c) downward departure based on the facts provided this court would run counter to the maxim that ignorance of the law is no excuse for criminal conduct.
 
 See Roberts v. State,
 
 26 Fla. 360, 7 So. 861, 862 (Fla.1890) (“Ignorance of law is no excuse for the commission of an offense against the law.”).
 

 Accordingly, we hold that the trial court misapplied subsection 921.0026(2)(c). As such, Johnson’s sentence is hereby reversed and this case remanded for resen-tencing. The trial court judge shall impose a sentence pursuant to the guidelines, unless a different mitigating factor applies.
 

 Reversed and Remanded
 

 POLEN and CONNER, JJ., concur.
 

 [1]
 

 . Instructive in this matter is
 
 State v. Fontaine,
 
 955 So.2d 1248 (Fla. 4th DCA 2007). There, the defendant pleaded guilty to aggravated child abuse for beating his fiancée’s young son and moved for a downward departure.
 
 Id.
 
 at 1249. His fiancée testified at the evidentiary hearing "that his behavior changed after he had been in a serious accident and was given a substantial amount of drugs;” he was "very depressed.”
 
 Id.
 
 The defendant’s mother said much the same thing, adding "that the more medications he took, the angrier he got.”
 
 Id.
 
 The defendant also testified. He cited the accident, multiple surgeries, pain, overmedication, and depression as the reasons why he abused the child; "[mjoreover, he did not remember the entire incident.”
 
 Id.
 
 The trial court granted a downward departure because, among other reasons, the defendant’s capacity was substantially impaired at the time of the offense.
 
 Id.
 
 This court affirmed, holding that subsection 921.0026(2)(c) provided a valid basis for the downward departure.
 
 Id.
 
 at 1250. Although cases like
 
 Fontaine
 
 do not foreclose the possibility that capacity could apply to a situation such as Johnson's, they do suggest that subsection 921.0026(2)(c) is understood to involve mental capacity.