LaROSE, Judge.
The State appeals the downward departure sentence imposed on Francisco Garcia-Costa on a plea to unarmed robbery, obstructing or opposing an officer without violence, trespass on property other than a structure or conveyance, and battery. See §§ 812.13(1), (2)(c); 843.02; 810.09(l)(a), (2)(a); 784.03(1), Fla. Stat. (2010). We have jurisdiction. See Fla. R.App. P. 9.140(c)(1)(M). The State argues that the trial court erred in sentencing Garcia-Costa to only the mandatory prison releasee reoffender (PRR) minimum sentence of 15 years, see § 775.082(3)(c), Fla. Stat. (2010), instead of the lowest permissible sentence of 17.5 years called for under the criminal punishment code scoresheet. See § 921.0024, Fla. Stat. (2010); Fla. R.Crim. P. 3.704(d)(25). None of the reasons offered by the trial court support a downward departure. We must reverse.
The State offered to accept a plea in exchange for a 15-year PRR sentence. Garcia-Costa rejected the offer. After receiving confirmation that Garcia-Costa indeed qualified for PRR sentencing, the State withdrew the 15-year offer and offered a 17.5-year PRR sentence in exchange for a plea. Over the State’s objection, the trial court extended and Garcia-Costa accepted the 15-year PRR offer he previously rejected. The trial court concluded that Garcia-Costa cooperated with the State by confessing to the crimes after being given his Miranda[1] warnings. Next, the trial court noted that Garcia-Costa did not use a real weapon but only a hairbrush, committed the isolated offenses in an unsophisticated manner, and showed remorse.
These reasons do not support the imposed sentence. Confession after arrest does not constitute cooperation justifying a downward departure sentence. See, e.g., State v. White, 894 So.2d 293, 294 (Fla. 2d DCA 2005); State v. Knox, 990 So.2d 665, 668 (Fla. 5th DCA 2008). Nor does the record reflect that (1) Garcia-Costa committed the offenses in an unsophisticated manner, (2) the offenses were isolated, and (3)he has shown remorse. See § 921.0026(2)©; State v. Ayers, 901 So.2d 942, 945 (Fla. 2d DCA 2005). For the trial court to apply this mitigator, the record must support all three elements. Ayers, 901 So.2d at 945; White, 894 So.2d at 294. Garcia-Costa’s prior seven armed robberies, eight unarmed robberies, two attempted robberies, burglary, and grand theft hardly demonstrate an isolated criminal *564 offense. See Ayers, 901 So.2d at 945; State v. Waterman, 12 So.3d 1265, 1268 (Fla. 4th DCA 2009). Thus, the trial court could not rely on section 921.0026(2)(j). We also observe that Garcia-Costa’s use of a hairbrush instead of a real weapon cannot support a downward departure; unarmed robbery was a charged offense, and the guidelines score already accounts for the lack of a weapon. See State v. Sachs, 526 So.2d 48, 50 (Fla.1988) (citing State v. Mischler, 488 So.2d 523, 525 (Fla.1986), clarified sub nom. State v. Rousseau, 509 So.2d 281, 282-83 (Fla.1987)); State v. Chapman, 805 So.2d 906, 908 (Fla. 2d DCA 2001). Absent justification for a downward departure, the trial court should not have imposed the 15-year sentence over the State’s objection.
Reversed and remanded for further proceedings.
WHATLEY and CRENSHAW, JJ., Concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).