RAY, J.
The State of Florida timely appeals a downward departure sentence imposed upon Sammy Perlman for two felony petit theft charges. Among other grounds, the State argues that the departure was erroneous because it was premised on section 921.0026(2)0, Florida Statutes (2012), and Mr. Perlman’s extensive criminal record demonstrates that the underlying offenses were not isolated incidents as required by that provision. We agree and therefore vacate the sentence and remand for resen-tencing consistent with this opinion.
The decision to impose a downward departure is a two-step process. See State v. Owens, 848 So.2d 1199, 1201 (Fla. 1st DCA 2003). For the purposes of this appeal, we need only consider step one: whether a valid legal ground, supported by evidence, applies in this case. See State v. Jerry, 19 So.3d 1167, 1169 (Fla. 1st DCA 2009) (citing Banks v. State, 732 So.2d 1065, 1067 (Fla.1999)); see also § 921.0026(1), Fla. Stat. (2012) (“A down *996 ward departure from the lowest permissible sentence ... is prohibited unless there are circumstances or factors that reasonably justify the downward departure.”). This step is a “mixed question of law and fact” requiring affirmance where the court applied the “right rule of law” and the ruling is supported by competent, substantial evidence. Jerry, 19 So.3d at 1169 (quoting Banks, 732 So.2d at 1067).
The trial court applied a valid legal ground for its downward departure as provided by section 921.0026(2)(j). This provision authorizes a trial court to depart from the lowest permissible sentence if the evidence shows (1) the offense was committed in an unsophisticated manner, (2) the offense was an isolated incident, and (3) the defendant has shown remorse. § 921.0026(2)(j). The ultimate inquiry before this court is whether all three of these elements were properly established in this case by competent, substantial evidence. See Jerry, 19 So.3d at 1170; State v. Subido, 925 So.2d 1052, 1057 (Fla. 5th DCA 2006); State v. Ayers, 901 So.2d 942, 945 (Fla. 2d DCA 2005); State v. Cooper, 889 So.2d 119, 119 (Fla. 4th DCA 2004).
Focusing on the second element, Florida courts have held that extensive criminal history alone precludes the finding that an offense was “an isolated incident” under section 921.0026(2)(j). See, e.g., State v. Waterman, 12 So.3d 1265, 1268 (Fla. 4th DCA 2009) (where defendant had at least six prior convictions); Ayers, 901 So.2d at 945 (where defendant had eight prior convictions); State v. Gaines, 971 So.2d 219, 221 (Fla. 4th DCA 2008) (where the defendant had eighteen prior convictions); State v. Stephenson, 973 So.2d 1259, 1263-64 (Fla. 5th DCA 2008) (where the defendant had at least seventeen prior convictions). “This standard applies even if the defendant’s record does not include the same offense for which he is presently being sentenced.” Waterman, 12 So.3d at 1268.
In the case before us, the State represented to the trial judge without objection that Mr. Perlman’s prior criminal record consisted of three robberies, 21 felonies, and seven forgery related thefts. This record is too extensive under established case law to permit a finding that the offenses at issue were isolated incidents. Because the trial court’s finding on this prerequisite is not supported by competent, substantial evidence, the statutory basis given for departure cannot be sustained. Accordingly, we reverse the downward departure sentence and remand for resentencing.
REVERSED and REMANDED.
VAN NORTWICK and MARSTILLER, JJ., concur.