IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

July 18, 2014

STATE OF FLORIDA, )
)
Appellant, )
)
v. ) Case No. 2D13-3819
)
TIMOTHY KELLEHER, )
)
Appellee. )
_____ )

BY ORDER OF THE COURT:

Appellant's motion for rehearing is granted. The prior opinion dated May 28, 2014, is withdrawn, and the attached opinion is issued in its place. No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

JAMES BIRKHOLD, CLERK

STATE OF FLORIDA, )
)
Appellant, )
)
v. ) Case No. 2D13-3819
)
TIMOTHY KELLEHER, )
)
Appellee. )
_____ )

Opinion filed July 18, 2014.

Appeal from the Circuit Court for Manatee
County; John F. Lakin, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Elba Caridad Martin-
Schomaker, Assistant Attorney General,
Tampa, for Appellant.

Howard L. Dimmig, II, Public Defender,
and Cynthia J. Dodge, Assistant Public
Defender, Bartow, for Appellee.


CRENSHAW, Judge.

The State of Florida appeals the downward departure sentence imposed

for Timothy Kelleher's convictions of four counts of sale of illegal drugs, three of which

were third-degree felonies and one of which was a second-degree felony. Pursuant to

section 921.0026(2)(j), Florida Statutes (2011), a court can impose a sentence below

the Criminal Punishment Code guidelines if "[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." Id. Because the court erred in concluding the offense was committed in an unsophisticated manner and was an isolated incident, we reverse the downward departure sentence and remand for resentencing.

**Facts**

An undercover officer bought drugs from Kelleher in three transactions over the course of one week; Kelleher approached the officer at the third buy. Although Kelleher has had no felonies on his record for over ten years, he had a lengthy prior record including over twenty misdemeanors and over ten felonies some of which were violent felonies. The older felonies were scored because some of his misdemeanors occurred since his last felony. Thus, his scoresheet reflects a score of 84.6 points for which the lowest unmitigated sentence would be 42.45 months' prison. At sentencing, Kelleher requested a downward departure sentence for an unsophisticated, isolated offense for which the defendant has shown remorse under section 921.0026(2)(j); the State requested a bottom-of-the-guidelines sentence. The court imposed a downward departure sentence of three months' jail with eight months' jail suspended and a probationary period of twelve months thereafter to run concurrently on each count; the State appealed.

**Discussion**

"In order to support the trial court's reasoning for the downward departure, it was necessary for there to have been competent, substantial evidence that (1) the offense was committed in an unsophisticated manner, (2) it was an isolated incident,

and (3) the defendant had shown remorse." State v. Butler, 787 So. 2d 47, 48 (Fla. 2d DCA 2001) (citing § 921.0026(2)(j), Fla. Stat. (2000); State v. Santomaso, 764 So. 2d 735, 737 (Fla. 2d DCA 2000)). " 'The trial court must first determine whether it can depart—whether the defendant has met the burden of establishing sufficient factual support for a valid legal ground.' " Kezal v. State, 42 So. 3d 252, 254 (Fla. 2d DCA 2010) (quoting State v. Green, 890 So. 2d 1283, 1286 (Fla. 2d DCA 2005)). In this case, Kelleher failed to establish that the manner of his offense was unsophisticated and the incident isolated.

Turning first to whether the manner was unsophisticated, in at least one instance it was Kelleher who approached the detective to sell drugs. Although Kelleher did not use any mechanism or calculus to determine to whom he should sell drugs, and usually was approached by detectives, that conduct was not consistent. Rather, after establishing a relationship with the detective, Kelleher sought him out upon spotting him nearby. At first glance this case is similar to State v. Fleming, 751 So. 2d 620 (Fla. 4th DCA 1999), which concluded that the simple purchase of cannabis from a police officer who was currently executing a search warrant was unsophisticated. However, this case is distinguishable from Fleming because Kelleher approached the detective at least once. Further, this is a case of *sale* to a police officer, which is more involved—Kelleher had to obtain a supply in order to sell the drugs—than is purchase, as in Fleming. Because Kelleher failed to establish that the manner of his offense was unsophisticated, we must reverse on this ground.

We are also compelled to reverse because Kelleher failed to establish that his offense was an isolated incident. "[T]he issue for this [c]ourt is whether [Kelleher's]

criminal history is so extensive that it precludes a downward departure sentence under section 921.0026(2)(j) . . . ." State v. Waterman, 12 So. 3d 1265, 1268 (Fla. 4th DCA 2009). As in Waterman, Kelleher's prior history falls somewhere "in the middle of the spectrum of criminal records, where on one end lies the defendant with a clearly excessive record, and on the other end lies a defendant with no prior criminal record." Id. Though Kelleher is correct that his prior history would not have been scored at all but for some misdemeanors because of the lapse between his prior offenses and the charged offense, that does not change that he has a lengthy history. His history is aggravated by the fact that this case itself consists of several occurrences over the course of a week. See id. Compare State v. Fontaine, 955 So. 2d 1248, 1251 (Fla. 4th DCA 2007) (Warner, J., concurring specially) ("Having only two misdemeanor convictions ten years [prior] does not prevent a finding that this offense is an isolated incident."), and State v. Randall, 746 So. 2d 550, 552 (Fla. 5th DCA 1999) (holding an incident was isolated where there was only one prior conviction), with State v. Gaines, 971 So. 2d 219, 220-21 (Fla. 4th DCA 2008) (holding that where defendant had eighteen prior convictions including several forcible felonies, a downward departure under section 921.0026(2)(j) cannot be sustained), and State v. Stephenson, 973 So. 2d 1259, 1263-64 (Fla. 5th DCA 2008) (same for seventeen prior convictions). In those cases on the higher end of the spectrum, defendants have been held not to have committed offenses that are isolated incidents. Kelleher's criminal history is so extensive that it precludes a downward departure sentence under section 921.0026(2)(j).

Because the circuit court erred in imposing a downward departure sentence, we reverse the sentence and remand for resentencing.

Sentence reversed.

MORRIS and SLEET, JJ., Concur.