IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SCOTT H. ROWE,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellant,

v.                    CASE NO. 1D15-1275

STATE OF FLORIDA,

    Appellee.

_____/

Opinion filed October 19, 2015.

An appeal from the Circuit Court for Okaloosa County.
William F. Stone, Judge.

Joshua LeRoy, of LeRoy Law, P.A., West Palm Beach, for Appellant.

Pamela Jo Bondi, Attorney General, and Quentin Humphrey and Trisha Meggs Pate,
Assistant Attorneys General, Tallahassee, for Appellee.

PER CURIAM.

    Appellant challenges the denial of his motion for a downward departure

sentence brought pursuant to section 921.0026, Florida Statutes (2014) (addressing

mitigating circumstances). We reverse and remand because the trial court erred in

finding that it was per se precluded from entering a downward departure sentence

based upon Appellant's single prior conviction. See State v. Randall, 746 So. 2d 550, 552 (Fla. 5th DCA 1999) (allowing downward departure sentence where defendant had only one prior conviction and current offense was isolated incident occurring in short span of time during Christmas when he was trying to earn money for his children). The trial judge concluded that he would enter a downward departure sentence including withholding adjudication if he were free to do so. Because the law permits such a downward departure, we reverse and remand for a new sentencing hearing at which the court may exercise its discretion to enter a downward departure sentence.

This Court previously entered an order granting Appellant's unopposed motion to expedite this appeal. In light of the fact that Appellant has already served several months of his short sentence, we likewise order the trial court to hold the new sentencing hearing on an expedited basis.

REVERSED AND REMANDED.

WOLF, THOMAS, and KELSEY, JJ., CONCUR.