IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MUSUR MONIQUE
WALLACE,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4610

Opinion filed July 18, 2016.

An appeal from the Circuit Court for Okaloosa County.
John T. Brown, Judge.

Nancy A. Daniels, Public Defender, Steven L. Seliger, Assistant Public Defender, for Appellant.

Pamela Jo Bondi, Attorney General, Jillian Hope Reding, Assistant Attorney General, for Appellee.


DAVIS, WILLIAM, ASSOCIATE JUDGE.

      Musur Monique Wallace appeals a criminal judgment and sentence for his failure to register as a sexual offender. An Alabama court convicted Mr. Wallace of lewd or lascivious battery in 1999. Alabama law requires that sexual offenders re-register biannually with local law enforcement. Mr. Wallace successfully registered

until 2006, when he pled guilty to failing to register and received a suspended sentence and two years' probation. Mr. Wallace subsequently moved to Okaloosa County, Florida, which imposes similar registration requirements on sexual offenders. But he failed to register a second time, and pled guilty in 2014.

Florida's statutory guidelines prescribed a minimum 45.75 month prison sentence. Mr. Wallace asked the court to depart from the guidelines. But the trial judge found that his criminal record precluded departure. We find that this conclusion was an error of law, and reverse and remand with instructions to resentence.

I.

Trial courts may not depart from the guidelines' lowest permissible sentence "unless there are circumstances or factors that reasonably justify the downward departure." § 921.0026(1), Fla. Stat. (2012). Section 921.0026(2) lists mitigating factors "under which a departure from the lowest permissible sentence is reasonably justified." § 921.0026(2), Fla. Stat. (2012). The defendant must prove these elements, or other mitigating factors, before the trial court will depart. State v. Jones, 122 So. 3d 517, 518 (Fla. 1st DCA 2013).

Mr. Wallace argues that the trial court should depart because his second failure to register "was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." § 921.0026(2)(j), Fla. Stat.

2

(2012). Both sides conceded that Mr. Wallace committed the crime in an unsophisticated manner, and showed remorse. But the trial court held that it "is not an isolated incident under the statute." Judge Brown, however, stated that he could not make this finding "as a matter of law," but otherwise would "downwardly depart because of [Mr. Wallace's] situation." He further explained that "the cases that I've seen haven't really focused on the time, they just talk about the prior record." Reading between the lines suggests that Judge Brown believed Mr. Wallace's prior conviction precluded him from finding that the latter's second failure to register was an isolated incident. This is incorrect.

II.

The trial court's decision that a criminal offense is or is not an isolated incident is a factual issue. Appellate courts will sustain factual findings if competent, substantial evidence supports them. Childers v. State, 171 So. 3d 170, 172 (Fla. 1st DCA 2015) (citing Banks v. State, 732 So.2d 1065, 1067 (Fla. 1999)). Judge Brown's conclusion that a criminal record precludes downward departure, however, is a legal issue. We review legal issues de novo. Maronda Homes, Inc. of Florida v. Lakeview Reserve Homeowners Ass'n, Inc., 127 So. 3d 1258, 1268 (Fla. 2013).

Neither the Legislature, nor the courts, offer a bright-line rule to determine whether an offense is an isolated incident. State v. Waterman, 12 So. 3d 1265, 1268 (Fla. 4th DCA 2009). Trial judges, however, may consider the time between

3

offenses, the types of offenses, and whether they suggest a pattern. See, e.g. State v. Knox, 990 So. 2d 665, 669 (Fla. 5th DCA 2008); State v. Fontaine, 955 So. 2d 1248, 1251 (Fla. 4th DCA 2007). And case law is clear that a defendant's "extensive criminal history alone precludes the finding that an offense was 'an isolated incident' under section 921.0026(2)(j)." State v. Perlman, 118 So. 3d 994, 996 (Fla. 1st DCA 2013); see, e.g., Waterman, 12 So. 3d at 1268; State v. Ayers, 901 So. 2d 942, 945 (Fla. 2d DCA 2005). But judges are not "precluded from giving a defendant a downward departure sentence just because the defendant has *any* prior criminal history." Waterman, 12 So. 3d at 1268; see, e.g., Fontaine, 955 So. 2d at 1251 (Warner, J., concurring).

The trial court, as a result, had the discretion to declare Mr. Wallace's second conviction an isolated incident and depart from the sentencing guidelines. Accordingly, we remand for the trial court to exercise its statutory discretion and resentence. But we pass no judgment on whether Mr. Wallace's second conviction is an isolated incident. We merely find that his criminal record does not preclude the inquiry "as a matter of law."

### III.

The sentence is REVERSED and REMANDED with instructions to RESENTENCE.

RAY and MAKAR, JJ., CONCUR.