PER CURIAM.
The state challenges the downward departure sentence imposed following Terry Levon Holsey’s entry of an open no contest plea to charges of sale of cocaine and possession of cocaine. The offenses were committed during an undercover drug sting operation; the buyer was an undercover officer. The trial judge gave five grounds for a downward departure sentence. Because we agree with the State that all five grounds given to support the downward departure were improper, we reverse.
The fact that Holsey suffers from addiction to controlled substances is, as the trial judge recognized, specifically excluded as a statutory basis for downward departure. § 921.0026(3), Fla. Stat. (2003). *1161 The finding that Holsey was only an accomplice and a relatively minor participant is not supported by competent substantial evidence in the record. That the undercover officer was an initiator, willing participant, aggressor, or provoker of the incident is not a proper ground in this case for downward departure pursuant to section 921.0026(2)(f), Florida Statutes. State v. Grant, 29 Fla. L. Weekly D2722, — So.2d -, 2004 WL 3028212 (Fla. 2d DCA Dec.3, 2004). Regarding downward departure based on prison overcrowding and strained DOC budget, the State correctly notes that no evidence was introduced regarding these factors and the trial judge did not take judicial notice of any type of report or other information to support the reason. Finally, if the State can validly be deemed a victim for purposes of the statutory ground for downward departure, there was no evidence of the “victim’s” need for restitution or that a downward departure sentence was necessary in order for restitution to be made. Kirby v. State, 863 So.2d 238 (Fla.2003).
REVERSED and REMANDED.
BARFIELD and LEWIS, JJ. concur; WOLF, J., dissents with written opinion.