921 So.2d 705 (2006)
STATE of Florida, Appellant,
v.
Shawn STRAWSER, Appellee.
No. 4D05-976.
District Court of Appeal of Florida, Fourth District.
February 8, 2006.
*706 Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellant.
Jeffrey M. Voluck of Jeffrey M. Voluck, P.A., Fort Lauderdale, for appellee.
STONE, J.
The state appeals a downward departure sentence imposed on Shawn Strawser upon an open plea of nolo contendere to the crimes of sexual battery upon a child less than twelve years of age and lewd and lascivious molestation. Strawser, either fifteen or sixteen years old at the time of the offenses, was tried as an adult. The victims were his younger sister's playmates.
Extensive testimony was taken at sentencing, including that of an expert in the field of sex offender treatment, who described Strawser's motivations, treatment, and prognosis. Additional defense witnesses included Strawser's probation officer from the pre-trial release program, persons with extensive experience in preparing pre-sentence investigation reports, and Strawser.
The trial court also considered adverse testimony by the state's witnesses; some supported the state's call for a 49 year guidelines prison sentence, and others suggested only that the sentence should include at least some time in prison in addition to probation.
Section 921.0026(2), Florida Statutes, contains a non-exhaustive list of mitigators.[1] *707 One of these is (j), "The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." When the trial court relies solely on this mitigator, all three elements must be shown. State v. Cooper, 889 So.2d 119, 119 (Fla. 4th DCA 2004). The trial judge, in accordance with the requirements of a downward departure utilizing section 921.0026(2)(j), found that Strawser, who had previously admitted to all offenses as charged, was remorseful and that the conduct was done in an unsophisticated manner. The trial court failed to explicitly articulate a finding on the "isolated incident" aspect of section 921.0026(2)(j); however, the court did comment on Strawser's lack of criminal record and his age and immaturity at the time of the crimes. The trial court also noted that the recommendations of the arresting detective and the pre-trial release officer were for a strictly probationary sentence.
The court sentenced Strawser to fifteen months in prison, followed by seventy-five months of sex offender probation for each of the counts and declared him a sexual predator. We note that this sentence is not substantially unlike that available under the Florida Youthful Offender Act, sections 958.011-958.15, Florida Statutes.
Our review of a downward departure decision is based upon a two part process. The first prong, whether the court can depart, "is a mixed question of law, and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling." Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). The level of proof necessary to establish facts supporting a departure is a preponderance of the evidence. § 921.001(4)(a)(6). Fla. Stat. We assess the record evidence for its sufficiency only, not its weight. Banks, 732 So.2d at 1067.
We recognize that, as there were multiple incidents involving one of the victims over a period of several months, the isolated incident aspect of subsection (j) has not been met. We need not resolve the substantial disagreement as to what constitutes "isolated incidents," as the record reflects additional support for mitigating beyond the factors in subsection (2)(j). There is testimony in the record, accepted by the trial court, concerning Strawser's youth, remorse, and immaturity to support the trial court's finding that the abuse was committed in an unsophisticated manner and reflected immaturity. There is also evidence of his lack of prior criminal history.
We recognize that this court, in Staffney v. State, 826 So.2d 509 (Fla. 4th DCA 2002), reversed a downward departure reasoned on subsection (2)(j), where there was not record support for all three factors in (2)(j).
Here, however, the trial court's departure need not rest solely upon the factors in subsection (2)(j). Section 921.0026, although listing permissible factors that the trial court may consider, also clearly reflects the legislative intent that permissible mitigation below the guidelines is "not limited to" those grounds specifically listed.
We also note that, while age alone is not a valid reason to depart, age, coupled with immaturity or the inability to appreciate the consequences of an offense, may be a valid reason to depart. State v. Ashley, 549 So.2d 226, 226 (Fla. 3d DCA 1989).
*708 Here, taken as a whole, the record reflects the required support for the downward departure. We cannot say that the sentence is an abuse of trial court discretion and, therefore, the judgment and sentence are affirmed.
KLEIN, J., and REYES, ISRAEL, Associate Judge, concur.
NOTES
[1] Section 921.0016(4), titled "Recommended sentences; departure sentences; aggravating and mitigating circumstances," includes the same non-exhaustive list.