922 So.2d 393 (2006)
The STATE of Florida, Appellant,
v.
Stephen Maron JOSEPH, Appellee.
No. 3D02-3272.
District Court of Appeal of Florida, Third District.
March 8, 2006.
*394 Charles J. Crist, Jr., Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Shannon P. McKenna, Assistant Public Defender, for appellee.
Before GERSTEN, RAMIREZ, and SUAREZ,[*] JJ.
PER CURIAM.
The State of Florida appeals the trial court's downward departure sentence. We affirm.
Stephen Joseph ("Joseph"), an attorney, handled a real estate transaction financed by GMAC Mortgage Corporation ("GMAC"). To fund the transaction, GMAC deposited a check for $290,098.94 into Joseph's trust account. Shortly thereafter, GMAC wired a duplicate payment of $290,098.94 into Joseph's account. Joseph did not return the duplicate payment or notify GMAC that it had made duplicate payments. Instead, Joseph used the funds for personal and business obligations.
A year later, GMAC discovered that it had made the duplicate payment and requested a return of the funds. GMAC was unable to recoup the funds and sought criminal prosecution. Thereafter, the State charged Joseph with grand theft.
Subsequently, Joseph entered a plea of no-contest pursuant to a court plea offer. At the plea and sentencing hearing, Joseph testified: Your Honor, I made very poor judgment in my decision to handle that money. It resulted in, I hurt my family, I had to resign from the Florida Bar, and I have since sought help, and obtained help and licked the alcohol problem. Based on Joseph's testimony, the trial court found that Joseph was remorseful.
The trial court also determined that the offense was committed in an unsophisticated manner and stated, "I guess he looked at it as found money. I do find it's unsophisticated, okay, in keeping the extra check. He never asked for it. It came to him and then he cashed it."
Lastly, after Joseph established that he had no criminal history, the trial court determined it was an isolated incident and found: "I do find that it was a first time offense, that it was committed in an unsophisticated manner, and that he has shown remorse. And, he's taken positive steps to resolve the problem that got him into this in the first place."
Over the State's objections, the trial court sentenced Joseph to five years probation with special conditions including attending a theft course and payment of restitution in the amount of $290,000. The trial court entered a downward departure sentence pursuant to section 921.0026(2)(j), Florida Statutes (1998), finding that the offense was committed in an unsophisticated manner, and was an isolated incident for which Joseph had shown remorse.
On appeal, the State contends the trial court erred in imposing a downward departure because the trial court's reason for the downward departure was not supported by competent, substantial evidence. We disagree.
A trial court's decision to depart from the sentencing guidelines is based on a two-part test. See Banks v. State, 732 So.2d 1065 (Fla.1999); State v. Baksh, 758 So.2d 1222 (Fla. 4th DCA 2000). First, the court must determine whether it can depart from the guidelines, i.e., whether there is a legally valid ground and adequate factual support for that ground. Banks, 732 So.2d at 1067. Second, the trial court must decide whether it should *395 depart, i.e., whether the departure is the best sentencing option for the defendant. Banks, 732 So.2d at 1067.
The appellate court will affirm the trial court's decision on the first step, if the trial court's reason is valid and supported by competent, substantial evidence. See State v. Schillaci, 767 So.2d 598 (Fla. 4th DCA 2000). Here, the trial court's departure was based on a legally valid ground, section 921.0026(2)(j), Florida Statutes (1998), and there was competent substantial evidence supporting the trial court's reason for departing. State v. VanBebber, 805 So.2d 918 (Fla. 2d DCA 2001)(evidence supported a finding that the incident was an isolated incident, committed in unsophisticated manner, for which defendant showed remorse)
Once the trial court has determined that it can depart, the court must further determine if it should depart. In making this determination, the trial court is afforded considerable discretion. The appellate court will only overturn the trial court's decision if there has been an abuse of discretion. See Schillaci, 767 So.2d at 600.
We find the trial court's decision that it should depart, based on the totality of the circumstances, was reasonable and not an abuse of discretion. See Banks, 732 So.2d at 1068 (discretion is abused only where no reasonable person would agree with the trial court's decision); State v. Coleman, 780 So.2d 1004 (Fla. 4th DCA 2001); Schillaci, 767 So.2d at 600. Accordingly, because there was competent, substantial evidence to support the trial court's downward departure, and because the trial court did not abuse its discretion, we affirm.
Affirmed.
NOTES
[*] Judge Suarez did not participate in oral argument.