COHEN, J.
 

 Appellee was arrested and pled guilty to felony driving while license suspended. He entered an “open” plea (ie., without
 
 *830
 
 the benefit of a plea bargain) and his sentencing scoresheet reflected a minimum sentence of 27.375 months in the Department of Corrections. Appellee sought a downward departure, arguing the offense was committed in an unsophisticated manner, was an isolated incident, and he showed remorse.
 
 See
 
 § 921.0026(2)(j), Fla. Stat. (2007). Although the trial court did not believe the offense was committed in an unsophisticated manner, he did not think it necessary to send Appellee to prison. Instead, the trial court departed downward from the sentencing guidelines, suspending Appellee’s 27.375 months’ prison sentence contingent upon successful completion of probation. The State then filed this appeal.
 

 Appellee shouldered the burden of establishing, by a preponderance of the evidence, facts reasonably justifying a downward departure.
 
 See
 
 § 921.002(3) Fla. Stat. (2007). To impose a downward departure sentence, the trial court must employ a two-step process. It must first determine whether there are valid legal reasons supported by an adequate factual basis; if so, the court must then decide whether the interests of justice are best served by a departure from the guidelines.
 
 State v. Tyrrell,
 
 807 So.2d 122, 125 (Fla. 5th DCA 2002).
 

 In deciding to downwardly depart, the trial court considered, on one hand, that Appellee had been convicted of at least four felonies, some involving violence, and had also been convicted of driving on a suspended license six times within the last eight years. On the other hand, Appellee was 54 years old at the time of sentencing and was arrested as he drove home from church services. However, because the trial court did not find the event was unsophisticated and certainly, based upon Ap-pellee’s criminal history, could not find it was isolated, Appellee failed to show a valid legal basis for a downward departure. Instead, the trial court used his experience and compassion to attempt to fashion a sentence he believed best served the interests of justice under the circumstances, the second step in the downward departure analysis.
 

 Although we understand the trial court’s reasoning, Appellee’s failure to establish a valid legal reason for the downward departure mandates reversal. Accordingly, we remand for resentencing pursuant to the sentencing guidelines.
 

 REVERSED and REMANDED.
 

 SAWAYA and LAWSON, JJ„ concur.