POLEN, J.
Appellant, the State of Florida, appeals the trial court’s order adjudicating Appel-lee, Richard Michels, guilty of failure of sex offender to properly register and sentencing him to one day in jail with credit for one day served. Having determined that the trial court erred in granting Mi-chels a downward departure, we reverse and remand for Michels to be.sentenced within the statutory guidelines.
In July 2009, the Palm Beach County Sheriffs Office learned that Michels was residing in Riviera Beach, was required to register as a sex offender in both South Carolina and North Carolina, and had not registered in Florida. Upon reporting to Michels’ possible address, sheriffs detectives met with Michels who admitted he was convicted of aggravated oral sexual battery in Louisiana, was required to register in North Carolina and South Carolina, was aware of the requirement to register but failed to do so, and had not registered in Palm Beach County or any other Florida county.
On October 29, 2009, Michels pled guilty to the charge and the trial court, after determining that the facts of the case supported a downward departure, sentenced him to one day in jail with credit for one day time served. During the hearing, Mi-chels testified that he currently resided in Delray Beach and had lived there for three months, In Louisiana, in 1997, Michels committed an offense which resulted in him having to register as a sexual offender. He had lived in Florida for a couple years. Michels had failed to comply with the registration requirement because he was an alcoholic and his addiction was so bad he was “in a life or death situation.” Ultimately, he entered a treatment program which he completed. At the time of the hearing he had been sober twenty-three months. Michels acknowledged that he was required to register twice a year and stated that he had last registered in September 2009. Defense counsel asked whether Michels was remorseful about the incident that resulted in him becoming a sexual offender, and he replied that he was. Michels ultimately stated:
I just want to say that I’m guilty of the charge, but uh ... I’m part of a solution now.
I go into these meetings and I talk to these' people about all sorts of addictions. And sexual addiction is part of the problem. That leads to other addictions.
*1165 On cross-examination, Michels testified that even though he was struggling with alcoholism when he moved to Florida, he knew he was required to register’. The State pointed out that under section 921.0026(3), Florida Statutes, a defendant’s substance abuse or addiction does not provide justification for a downward departure. The State argued that Michels’ failure to register was not an isolated -offense because Michels had about a year and a half to register and did not. Finally, the State asserted that Michels’ remorse for the offense he committed in 1997 was irrelevant because the downward departure statute refers to remorsefulness regarding the current charge — failure to register as a sexual offender.
The trial court noted that the substance abuse issue was not relevant to its determination regarding the downward departure. The court found that Michels was remorseful insofar as he was currently making a contribution to the community trying to help others see the error of their ways. The State .now timely appeals.
This court has discussed its review of a downward departure:
Our review of a downward departure decision is based upon a two part process. The first prong, whether the court can depart, “is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if competent substantial evidence supports its ruling.” Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). The level of proof necessary to establish facts supporting a departure is a preponderance of the evidence. § 921.001(4)(a)(6), Fla. Stat. We assess the record evidence for its sufficiency only, not its weight. Banks, 732 So.2d at 1067.
State v. Strawser, 921 So.2d 705, 707 (Fla. 4th DCA 2006). Section 921.0026(2) provides a non-exhaustive list of mitigating factors. Subsection (j), relied on in the present case, allows for a departure when “[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.” § 921.0026(2)(j), Fla. Stat. (2009). When the trial court relies solely on this mitigating factor, all three elements must be shown. State v. Cooper, 889 So.2d 119, 119 (Fla. 4th DCA 2004).
In State v. Geoghagan, 27 So.3d 111 (Fla. 1st DCA 2009), the First District reversed the trial court’s downward departure in a similar case. There, the trial court granted a downward departure under (2)(j) but failed to find’ that the incident was isolated. The First District determined:
[T]he record does not support such a finding. Section 943.0435(14)(a), which requires that “[a] sexual offender must report in person each year during the month of the sexual offender’s birthday and during the sixth month following the sexual offender’s birth month,” became effective on September 1, 2005. The record indicates appellee’s birthday is June 2. Therefore, he would have been required to report initially in June 2006 and every six months thereafter. Here, appellee was charged with failing to report in December 2006 and June 2007. Therefore, appellee failed to register two of the three times he was required to register between June 2006 and June 2007, which does not constitute an isolated incident. Therefore, reasons 8 and 10, that appellee committed the offense in an unsophisticated manner and showed remorse, are invalid reasons for departure because the incident was not also isolated.
Id. at 115.
Similarly here, the trial court did not find that the incident was isolated. Under *1166 Geoghagan, such a finding would have been error in any case. The testimony was undisputed that Michels moved to Florida in January 2008, and as of July 2009, had not registered. Michels was required to register upon initially moving to Florida, every September and every March. It appears he failed to register in Florida four different times. Further, the record does not show that Michels was remorseful for failing to register or that the offense was unsophisticated. Instead, Michels’ testimony established that he was remorseful for the incident which gave rise to him being required to register as a sexual offender, and that he knew he was required to register but neglected to do so. The trial court erred in granting a downward departure under (2)(j). We reverse and remand for Michels to be sentenced within the statutory guidelines.

Reversed and Remanded.

CIKLIN and LEVINE, JJ., concur.