CRENSHAW, Judge.
The State of Florida appeals a downward departure, sentence of twelve months’ probation in this battery case, asserting that the court lacked competent, substantial evidence to impose the departure sentence. Specifically, it argues that there was insufficient evidence that the victim provoked the incident within the meaning of section 921.0026(2)(f), Florida Statutes (2011).[1] Because the downward departure sentence lacks competent, substantial evidence to support it, we reverse and remand for resentencing.
Herbert Pinckney, the defendant, pleaded to the battery of a woman with whom he had a relationship. The record suggests that Pinckney pleaded under the impression he was likely to get a departure sentence, though this was not based on a plea bargain with the State but rather on comments by the judge. A nonvictim witness was prepared to testify for the State at trial but because of the plea only *1140 testified at the sentencing hearing. Her testimony, which the court explicitly found credible, indicated that the victim was not the initial aggressor. Specifically, the witness testified that the victim was outside the car and talking to the driver who then got out and attempted to drag the victim into the car. The driver was then assisted by the passenger in throwing the victim to the ground and kicking and punching her. Pinckney, too, testified and asserted that the victim was the initial aggressor, that the victim spat upon him, and that she took a swing at him before getting out of the car; his testimony was found not to be credible. Yet the court, based largely on counsel’s comments, granted the downward departure and imposed a year probation.
“The trial court must first determine whether it can depart — whether the defendant has met the burden of establishing sufficient factual support for a valid legal ground.” State v. Kelleher, 142 So.3d 958, 959 (Fla. 2d DCA 2014) (emphasis added) (quoting Kezal v. State, 42 So.3d 252, 254 (Fla. 2d DCA 2010)). The only evidence favoring Pinckney was his own testimony. His counsel attempted to corroborate that evidence which the court accepted on its face: “I find there is credible information from Defense Counsel.” But “it is axiomatic that the arguments of counsel are not evidence.... ” Geralds v. State, 111 So.3d 778, 795 n. 16 (Fla.2010), as revised on denial of reh’g (Feb. 2, 2012) (quoting Collins Fruit Co. v. Giglio, 184 So.2d 447, 449 (Fla. 2d DCA 1966)). Counsel’s corroboration was not under oath; it was only argument. Favoring the State was the testimony of the nonvictim witness. Regarding the nonvictim witness, the court stated, “I find the testimony of [the witness] from Spokane, Washington to be very credible, and I appreciate her coming all the way across the United States to testify here in Manatee County. And I do find her testimony to be credible.” Then turning to Pinckney’s testimony, the court stated, “I do not find Mr. Pinckney’s testimony ... to be credible.”
We have to give effect to the court’s credibility conclusions. The witnesses provided contradictory testimony, and Pinck-ney’s was not credible; thus, Pinckney’s testimony alone fails to establish the requisite element for the downward departure: that the victim was the initial aggressor. Cf. State v. Rife, 789 So.2d 288, 292 (Fla.2001) (discussing broadly the relevant mitigating factor). Because there was no competent, substantial evidence supporting the court’s conclusion that the victim was the initial aggressor, this downward departure sentence must be reversed. On remand, the court is free to impose another downward departure if Pinckney can establish a valid basis. See Jackson v. State, 64 So.3d 90, 93 (Fla.2011).
Reversed and remanded for resentenc-ing with directions.
KELLY, J., Concurs.
VILLANTI, C.J., Concurs with opinion.

. We have jurisdiction. See § 924.07(l)(i), Fla. Stat. (2013); Fla. R. App. P. 9.140(c)(l)(M).