NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


STATE OF FLORIDA,            )
                            )
         Appellant,          )
                            )
v.                           )          Case No.  2D15-3043
                            )
DARIUS Q. JOHNSON,           )
                            )
         Appellee.           )
_____)

Opinion filed August 17, 2016.

Appeal from the Circuit Court for
Manatee County; Deno G. Economou,
Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs
Cline, Assistant Attorney General,
Tampa, for Appellant.

Howard L. Dimmig, II, Public Defender,
and Brooke Elvington, Assistant Public
Defender, Bartow, for Appellee.


KELLY, Judge.

        The State appeals from the downward departure sentence imposed on

Darius Q. Johnson following his nolo contendere plea to uttering a counterfeit

instrument.  We reverse because the trial court's reasons for departure from the

recommended guidelines sentence are not supported by competent, substantial evidence.

Johnson's recommended guidelines sentence was 119 months in state prison.[1]  The prosecutor requested that the court impose the guidelines sentence because Johnson's prior record consisted of serious offenses, for which he served twenty years, and the charged offense occurred only two years after his release from prison.  Defense counsel represented to the court that departure was warranted because Johnson received no financial benefit from the offense and an uncharged ringleader coordinated the offense in a larger criminal enterprise and provided Johnson with the fraudulent check.  Defense counsel also asked that Johnson receive a sentence that would enable him to keep his job.  The court, relying on defense counsel's argument, offered Johnson two years of probation on the basis of section 921.0026(2)(b), Florida Statutes (2014), which states that "[t]he defendant was an accomplice to the offense and was a relatively minor participant in the criminal conduct." The State objected to the imposition of a nonstate prison sanction and requested a "full-fledged" sentencing hearing because of the unsubstantiated statements by Johnson and defense counsel.  The court acknowledged the State's position, but continued with the plea colloquy and the imposition of the departure sentence.

A trial court must impose a guidelines sentence unless the court finds that competent, substantial evidence supports a valid reason for departure.  State v. Henderson, 766 So. 2d 389, 390 (Fla. 2d DCA 2000).  It is the defendant's burden to

_____

[1]The Criminal Punishment Code scoresheet does not appear in the record. However, the prosecutor recited its contents and defense counsel raised no objection.

prove by a preponderance of the evidence that a valid reason to depart exists. <u>State v. Sawyer</u>, 753 So. 2d 737, 738 (Fla. 2d DCA 2000).

No testimony or evidence was presented to support the assertion that Johnson was a minor participant in the offense. As the State argues, defense counsel's arguments are not evidence. <u>See</u> <u>State v. Pinckney</u>, 173 So. 3d 1139, 1140 (Fla. 2d DCA 2015) (noting that the arguments of counsel are not evidence); <u>State v. Bernard</u>, 744 So. 2d 1134, 1135 (Fla. 2d DCA 1999) ("[R]epresentations of an attorney alone are insufficient to form a valid basis for departure."); <u>State v. Silver</u>, 723 So. 2d 381, 382-83 (Fla. 4th DCA 1998) (holding that defense counsel's assertion without supporting evidence was insufficient to establish that the defendant was a minor participant in the offense). The undisputed facts before the court were that Johnson went to the bank and attempted to cash a fraudulent check. He did not "receive a financial benefit" only because the bank teller refused to cash the check. These facts, even if proven, do not support the reasons for departure.

Therefore, we reverse Johnson's sentence and remand for a new hearing where Johnson shall be permitted to withdraw his plea. <u>See</u> <u>State v. Teal</u>, 831 So. 2d 1254, 1256 (Fla. 2d DCA 2002) (holding that the defendant should be given the opportunity to withdraw his plea because the sentence was the result of an agreement induced by the trial court). If Johnson declines the opportunity to withdraw his plea, the sentencing court must impose a guidelines sentence. <u>See</u> <u>State v. Licea</u>, 707 So. 2d 1155, 1157 (Fla. 2d DCA 1998).

Reversed and remanded for further proceedings.

NORTHCUTT and KHOUZAM, JJ., Concur.