IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

       Appellant,

 v.                               Case No.  5D16-2353

JOSEPH MICHAEL MILICI,

       Appellee.

_____/

Opinion filed April 28, 2017

Appeal from the Circuit Court
for Flagler County,
Matthew M. Foxman, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellant.

James S. Purdy, Public Defender, and
Jeri M. Delgado, Assistant Public
Defender, Daytona Beach, for Appellee.

WALLIS, J.

The State appeals the trial court's imposition of downward departure sentences following Joseph Michael Milici's violation of probation ("VOP"). We reverse Milici's sentences and remand for resentencing consistent with this opinion.

**FACTS**

In May 2011, the State charged Milici by information with principal to robbery with a weapon (count 1) and principal to aggravated assault with a deadly weapon (count 2).[1] The State alleged that Milici obtained a fraudulent prescription for oxycodone that he could not fill at a local pharmacy, despite numerous attempts. Milici and his co-defendant then drove to a nearby department store, where the co-defendant purchased a pellet gun. Milici drove back to the pharmacy and dropped off his co-defendant, who entered the store while Milici waited outside. The co-defendant proceeded to brandish the pellet gun at the clerk and steal eight bottles of oxycodone. Milici served as the getaway driver following the robbery.

In January 2013, Milici entered a plea of nolo contendere to both counts. The trial court sentenced him to fifteen years' incarceration, suspended upon completion of two years' community control, followed by ten years' probation (count 1) and five years' incarceration, suspended upon completion of two years' community control, followed by two years' probation (count 2). In March 2013—only two months into his community control—Milici was arrested and charged with sale of a schedule II controlled substance and sale of a schedule IV controlled substance. Thereafter, the State filed a VOP report, but the trial court adjudicated Milici incompetent. The trial court modified the conditions of Milici's community control, ordering him to remain at a residential facility and comply with their rules. In March 2016, the State filed an addendum to the March 2013 violation report, alleging that Milici violated his community control after being evicted from the residential

---

[1] The State later nolle prossed count 3 for trafficking in oxycodone.

facility for using controlled substances. The trial court adjudicated Milici competent pursuant to a new competency evaluation.

The trial court held a revocation hearing in April 2016. At the hearing, the State explained that a confidential informant who knew Milici contacted him and requested to purchase two types of prescription drugs. Milici left a bottle of pills by an electrical pole in front of his house and told the confidential informant to take the pills and leave the money in the same place. After completing the transaction, the confidential informant requested more pills. Approximately one hour later, Milici sold the confidential informant additional pills by a hand-to-hand transaction. Law enforcement arrested Milici and charged him with three counts for sale of a controlled substance. The trial court granted the State's motion to revoke Milici's community control, and the case proceeded to a VOP hearing.

At the VOP hearing, Milici admitted to violating his probation and entered an open plea of nolo contendere to the three counts for sale of a controlled substance. At the sentencing hearing, Milici presented testimony from several witnesses, including his two sisters, his pastor, a crisis counselor, and the owner of the group home at which he previously resided. Milici's witnesses testified that Milici was generally a good person who, despite making several errors in judgment, did not pose a danger to the community. Milici's witnesses believed that he could be rehabilitated into a functioning member of society.

Regarding the robbery, Milici testified that he drove the car without any knowledge that his co-defendant intended to rob the pharmacy. He also minimized the subsequent drug transactions, describing the event as him simply providing the pills to his friend as a favor. Milici rejected the notion that he was a drug dealer by stating, "You know, I wasn't

out there like selling the drugs the way [the State's] making it sound. Somebody asked me for some pills. And I did it."

Following Milici's testimony, defense counsel urged the trial court to impose a downward departure sentence. After considering argument from both sides, the trial court ultimately determined that the circumstances justified downward departure.[2] The trial court explained that Milici's conduct amounted to "an isolated incident for which . . . Milici has shown remorse." The trial court further explained that Milici acted "in an unsophisticated manner." Based on these findings, the trial court imposed a downward departure sentence of thirty days' incarceration, followed by one year of community control, followed by three years' probation. Without the departure, Milici's scoresheet reflected a minimum sentence of 88.5 months' incarceration.

The trial court subsequently entered an order detailing the grounds for imposing the downward departure sentences:

> 1. After an open plea, this court elected to depart from the scoresheet guidelines.
>
> 2. The Defendant was on probation for robbery when he was arrested and charged with three counts of sale of a controlled substance.
>
> 3. As a backdrop to this entire matter, the Defendant's mental capacity has been in question. This relates both to his competency and intelligence quotient. The record is replete with the history of evaluations, the Defendant ultimately being found competent to proceed immediately prior to the entry of this plea.
>
> 4. As to the robbery, the Defendant never entered the store in question and functioned only as a "getaway" driver. When

---

[2] The trial court prefaced its ruling by stating, "Let me tell you something, what I'm doing is probably going to be appealed and probably reversed, but I'm going to do it anyway."

4

followed by police, the Defendant immediately pulled over and fully cooperated with law enforcement.

5. As to the Sale of Controlled Substance cases, the Defendant was contacted by a friend (functioning as a confidential informant for law enforcement). The Defendant sold small amounts of controlled substances that he, personally, was lawfully prescribed. At no time did he initiate the transactions, nor did he attempt to purvey them to the general public. The Defendant was extremely apologetic for his actions.

**ANALYSIS**

We employ a two-step analysis when reviewing a trial court's imposition of a downward departure sentence. First, we must "determine whether 'the trial court applied the correct rule of law and whether competent, substantial evidence supports the trial court's reason for imposing a downward departure sentence.'" State v. Browne, 187 So. 3d 377, 378 (Fla. 5th DCA 2016) (quoting State v. Leverett, 44 So. 3d 634, 636 (Fla. 5th DCA 2010)). Second, if the "trial court's reason for departure was in accord with the law and supported by competent, substantial evidence, the appellate court must then decide whether the trial court was correct in determining that the downward departure sentence was in the best interest of the defendant." Leverett, 44 So. 3d at 636 (citing State v. Subido, 925 So. 2d 1052, 1057 (Fla. 5th DCA 2006)).

Section 921.0026(2), Florida Statutes (2016), sets forth a non-exhaustive list of mitigating circumstances that permit the imposition of a downward departure sentence. In this case, the trial court relied on the following grounds:

(b) The defendant was an accomplice to the offense and was a relatively minor participant in the criminal conduct.

(c) The capacity of the defendant to appreciate the criminal nature of the conduct or to conform that conduct to the requirements of law was substantially impaired.

5

. . . .

> (j) The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.

§ 921.0026(2), Fla. Stat. (2016). The burden rests on the defendant to "prove these elements, or other mitigating factors, before the trial court will depart." Wallace v. State, 197 So. 3d 1204, 1205 (Fla. 1st DCA 2016) (citing State v. Jones, 122 So. 3d 517, 518 (Fla. 1st DCA 2013)).

We first address the trial court's departure under section 921.0026(2)(j). This subsection permits downward departure where three elements are present: "(a) the offense must have been 'committed in an unsophisticated manner,' (b) the offense must have been 'an isolated incident,' and (c) the defendant must have 'shown remorse' for the offense." State v. Ayers, 901 So. 2d 942, 945 (Fla. 2d DCA 2005) (quoting § 921.0026(2)(j), Fla. Stat. (2003). "To justify departure on this basis, all three elements must be articulated by the trial judge and supported by the record." State v. Cooper, 889 So. 2d 119, 119 (Fla. 4th DCA 2004).

Turning to the first element, we note that neither the trial court's oral pronouncements nor its written order explain how Milici committed his offenses in an unsophisticated manner. Indeed, the trial court's written findings do not employ the term "unsophisticated." The trial court also failed to make a specific oral finding, stating only, "it was definitely committed in an unsophisticated manner. No one could argue that." The trial court's failure to articulate how Milici committed his crimes in an unsophisticated manner alone justifies reversal of the trial court's downward departure on this ground. See id.

6

Even if the trial court had entered sufficient findings regarding unsophistication, no competent, substantial evidence supports the trial court's findings that these offenses were isolated incidents for which Milici showed remorse. Milici's thirteen prior convictions—which reflect a pattern of crime related to narcotics—should have precluded a finding that his most recent offenses were isolated incidents. Moreover, Milici's offenses have steadily increased in severity over time; although his original offenses primarily concerned simple possession of narcotics, he has since escalated to obtaining fraudulent prescriptions, attempted trafficking in and sale of narcotics, and even armed robbery. Thus, no competent, substantial evidence supports the trial court's finding that Milici's offenses were isolated incidents. See State v. Thompkins, 113 So. 3d 95, 99 (Fla. 5th DCA 2013) ("Even if we were to overlook [defendant]'s prior burglary conviction, the remainder of his criminal history would vitiate any suggestion that his current crimes were isolated incidents under the statute."); State v. Deleon, 867 So. 2d 636, 637 (Fla. 5th DCA 2004) ("[Defendant]'s offense could not have been characterized as isolated because his score sheet reflected previous offenses including four third-degree felonies, one second-degree felony and various misdemeanors.").

Addressing the third element, remorsefulness, the record reflects that Milici refused to accept responsibility for his actions. When testifying about his conviction for armed robbery, Milici maintained that he did not know anything "about fraudulent prescriptions or anything like that." Rather, Milici proclaimed that his co-defendant simply asked for a ride. Milici similarly declined to accept responsibility for selling controlled substances, reasoning that he sold prescription drugs to his friend "to do him a favor." In light of Milici's testimony, we find that no competent, substantial evidence supports the

7

trial court's finding that he showed remorse as contemplated by section 921.0026(2)(j). See, e.g., Ayers, 901 So. 2d at 945 ("It is impossible for a defendant who refuses to accept responsibility for an offense to show remorse for that offense."). For these reasons, we find that the trial court abused its discretion insofar as it relied on section 921.0026(2)(j) as a basis for downward departure.

We next address the trial court's departure under section 921.0026(2)(b), which provides that the trial court may impose a downward departure sentence where "[t]he defendant was an accomplice to the offense and was a relatively minor participant in the criminal conduct." § 921.0026(2)(b), Fla. Stat. Unfortunately, few cases have expanded on what circumstances make one's participation in criminal activity "relatively minor." Furthermore, Milici offered no testimony or other evidence supporting the trial court's departure on this ground. See State v. Johnson, 197 So. 3d 1268, 1269 (Fla. 2d DCA 2016) (reversing downward departure where "[n]o testimony or evidence was presented to support the assertion that [defendant] was a minor participant in the offense").

Regardless, we disagree that one who obtains a fraudulent prescription, unsuccessfully attempts to fill it, drives his co-defendant to purchase a pellet gun, and drives back to rob the pharmacy is a "minor participant" simply because he or she drove the getaway vehicle in lieu of entering the pharmacy during the robbery. In addition, caselaw supports the State's position that Milici was not a "relatively minor participant" with regard to his charges for sale of controlled substances simply because he sold narcotics to a confidential informant. See State v. Holsey, 908 So. 2d 1159, 1161 (Fla. 1st DCA 2005) (reversing downward departure based upon section 921.0026(2)(b) where defendant sold narcotics to an undercover officer during a sting operation). Accordingly,

8

we find that no competent, substantial evidence supports the trial court's downward departure under section 921.0026(2)(b).

Finally, we address the trial court's departure under section 921.0026(2)(c). "For section 921.0026(2)(c) to apply, it is not enough that a defendant simply not know that what he was doing was criminal or wrong; the defendant must have been unable to understand that what he was doing was criminal or wrong." State v. Johnson, 79 So. 3d 146, 148 (Fla. 4th DCA 2012). However, "[t]he fact that the evidence presented the possibility that substance abuse may have been an independent cause of [the defendant]'s impaired capacity does not mean that, as a matter of law, section 921.0026(2)(c) is unavailable as a basis for departure." Camacho v. State, 164 So. 3d 45, 48 (Fla. 2d DCA 2015).

Here, no competent, substantial evidence supports the trial court's findings regarding section 921.0026(2)(c). Unlike many cases addressing this issue, Milici presented no expert testimony at the VOP hearing to establish that his alleged mental health issues prevented him from appreciating the criminal nature of his actions. Cf. id.; State v. Massingill, 77 So. 3d 677, 680 (Fla. 3d DCA 2011). The trial court considered expert testimony at the hearing on Milici's motion to withdraw his plea, but it nonetheless found that he was competent at the time that he entered the plea. In addition, although the trial court noted that Milici had a history of mental illness, it failed to articulate how that mental illness "substantially impaired" his ability to "appreciate the criminal nature of the conduct." See § 921.0026(2)(c), Fla. Stat.

**CONCLUSION**

9

We recognize that trial courts enjoy a "superior vantage point in assessing the credibility of witnesses and in making findings of fact." Taylor v. State, 937 So. 2d 590, 599 (Fla. 2006) (quoting Stephens v. State, 748 So. 2d 1028, 1034 (Fla. 1999)). However, the record in this case reflects that the trial court improperly imposed downward departure sentences not based on the evidence at the hearing, but rather on its own belief that sentencing Milici in accordance with his scoresheet "serve[d] no legitimate purpose." See State v. Chesney, 509 So. 2d 380, 381 (Fla. 2d DCA 1987) ("[T]he judge's own belief that a reduced sentence is more appropriate is an impermissible reason for departure." (citing Williams v. State, 492 So. 2d 1308, 1309 (Fla. 1986))). Indeed, the trial court's oral pronouncements at the sentencing hearing demonstrate that it did not truly believe that any enumerated mitigating circumstances justified downward departure.

Based on the foregoing, we find that no competent, substantial evidence supports the trial court's reasons for departure. Accordingly, we reverse Milici's sentences and remand for resentencing. We note that, on remand, the trial court may still impose a downward departure sentence "if such a sentence is supported by valid grounds." State v. Lindsay, 163 So. 3d 721, 725 (Fla. 5th DCA 2015) (citing Jackson v. State, 64 So. 3d 90 (Fla. 2011)). Otherwise, the trial court must impose sentences that comport with the applicable statutes.

REVERSED and REMANDED for Resentencing.

COHEN, C.J. and LAMBERT, J., concur.