IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

      Appellant,

v.                                                                              Case No.  5D17-1996

SARAH MARIE HOLLINGER,

      Appellee.

_____/

Opinion filed August 17, 2018

Appeal from the Circuit Court
for Brevard County,
Morgan Laur Reinman, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Appellant.

James S. Purdy, Public Defender, and
Ailene S. Rogers, Assistant Public
Defender, Daytona Beach, for Appellee.


ON MOTION FOR REHEARING

PER CURIAM.

      We withdraw our prior opinion in this case and substitute the following on

rehearing.  The State appeals Sarah Marie Hollinger's downward departure sentence for

the lesser-included offense of second-degree grand theft of $20,000 to $100,000, twelve

counts of depositing a check with intent to defraud, and eight counts of uttering a forged instrument. The State argues that the trial court's finding that the offenses were committed in an unsophisticated manner and constituted an isolated incident for which the defendant has shown remorse is not supported by substantial, competent evidence. We agree.

Hollinger, in her capacity as the victim's business office manager, wrote petty checks from the victim's Resident Trust Account, presented them to her bosses for their signatures, and then deposited them into her own bank account for her personal use. Hollinger acknowledged that she did not get petty cash in the normal course of her position and she was not authorized to write petty cash checks to herself. Hollinger repeated this process over the course of several months, stealing more than $50,000 from the victim. Hollinger testified she did not attempt to cover her tracks. The victim impact statement[1] admitted into evidence, however, indicated that the Resident Trust Checkbook and the victim's copies of the written checks were missing after Hollinger resigned. The victim had to obtain copies of the cleared checks from the bank.

Hollinger was originally charged with one count of organized fraud ($50,000 or more), a first-degree felony, eight counts of uttering a forged instrument, and twenty-nine counts of depositing a check with intent to defraud, all third-degree felonies. In exchange for her guilty pleas to the reduced charge of second-degree grand theft, twelve counts of depositing a check with intent to defraud, and eight counts of uttering a forged instrument,

---

[1] The author of the victim's statement testified at the sentencing hearing thereby allowing Hollinger an opportunity to question her as to the victim impact statement. See Dickie v. State, 216 So. 3d 35, 38 (Fla. 2d DCA 2017) (finding trial court could properly consider unsworn victim impact statement to fashion sentence).

the State agreed to nolle pros seventeen counts of depositing a check with intent to defraud and to recommend a three-year cap on incarceration to be followed by probation.

Although Hollinger scored a minimum of twenty-four months in the Department of Corrections, over the State's objection, the trial court sentenced Hollinger to ten years' probation for grand theft and five years of concurrent probation for the remaining charges. The trial court found that Hollinger met the criteria for a downward departure under section 921.0026(2)(j), Florida Statutes (2016), because "[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." Hollinger had the burden to establish by a preponderance of the evidence that there were facts to support all three elements. See State v. Weaver, 23 So. 3d 829, 830 (Fla. 5th DCA 2009); State v. Subido, 925 So. 2d 1052, 1057 (Fla. 5th DCA 2006).

The trial court found that the crimes were isolated because they constituted a single scheme and Hollinger has no prior record. The trial court next determined that the crimes were unsophisticated because Hollinger took no measures to protect herself or to hide her actions or identity. Finally, the trial court found that Hollinger demonstrated remorse by continuing on a course to mitigate the damage to the victims. Although we do not disturb the trial court's finding of remorse,[2] we conclude that the record does not

---

[2] But see State v. Milici, 219 So. 3d 117, 122 (Fla. 5th DCA 2017) (finding no competent, substantial evidence to support remorsefulness where defendant declined to accept responsibility for crimes by either denying his involvement or blaming his actions on a friend); State v. Henderson, 152 So. 3d 49, 51 (Fla. 5th DCA 2014) (explaining that evidence did not establish remorse where defendant denied committing the crime); State v. Ayers, 901 So. 2d 942, 945 (Fla. 2d DCA 2005) (finding defendant failed to establish remorse where he continued to deny his responsibility for the offense); State v. Chestnut, 718 So. 2d 312, 313 (Fla. 5th DCA 1998) ("We are certain that Chestnut's denial of doing 'what [he] was accused of' is not the kind of remorse contemplated by the legislature.").

support a finding that the crimes were committed in an unsophisticated manner and were isolated.

"Cases generally define 'unsophisticated' as the opposite of 'sophisticated,' which in turn is defined as 'having acquired worldly knowledge or refinement; lacking in natural simplicity or naiveté.'" State v. Salgado, 948 So. 2d 12, 16–17 (Fla. 3d DCA 2006) (quoting Staffney v. State, 826 So. 2d 509, 512 (Fla. 4th DCA 2004)). In assessing sophistication, courts have considered evidence of "several distinctive and deliberate steps." State v. Fureman, 161 So. 3d 403, 405 (Fla. 5th DCA 2014) (quoting Salgado, 948 So. 2d at 18; Staffney, 826 So. 2d at 512). A crime lacks sophistication if the acts constituting the crime are "artless, simple and not refined." Salgado, 948 So. 2d at 17 (quoting Staffney, 826 So. 2d at 509).

Although Hollinger likens the facts of her case to the facts in State v. Joseph, 922 So. 2d 393 (Fla. 3d DCA 2006), the two are clearly distinguishable. In Joseph, the defendant kept a duplicate deposit made by a client into the defendant's trust account. 922 So. 2d at 394. The client did not discover that it made a duplicate deposit until a year later. Id. The defendant kept the money and used it for personal and business obligations and was unable to return the funds once the client made the discovery. Id. The trial court determined that the offense was unsophisticated, finding that the defendant "looked at it as found money . . . [the check] came to him and then he cashed it." Id.

In the instant case, the victim did not accidentally deposit the money into Hollinger's bank account. Instead, for several months Hollinger used her position of trust with the company to repeatedly obtain signatures on fraudulent checks in order to take the money for her own use. This certainly involved several distinctive and deliberate

4

steps that she repeated on numerous occasions. Although Hollinger may not have taken elaborate steps to hide her actions, the victim impact statement indicated that she made some effort to conceal her actions by taking the checkbook and copies of the cleared checks with her. Based on these facts, we conclude that the offenses were not committed in an unsophisticated manner.

As for whether the offenses were isolated, there is no bright-line rule for deciding whether an offense is an isolated incident. State v. Waterman, 12 So. 3d 1265, 1268 (Fla. 4th DCA 2009) (citing State v. Gaines, 971 So. 2d 219, 221 (Fla. 4th DCA 2008)). In this case, it is undisputed that Hollinger has no prior criminal history. However, a crime is not necessarily considered to be isolated merely because a party has no criminal history. See State v. Strawser, 921 So. 2d 705, 707 (Fla. 4th DCA 2006) (finding offense could not be isolated where there were multiple incidents involving one victim over period of several months); see also Bellamy v. State, 199 So. 3d 480, 483 (Fla. 4th DCA 2016) ("An offense also is not isolated if involves multiple incidents." (citing Strawser, 921 So. 2d at 707)); State v. Walters, 12 So. 3d 298, 301 (Fla. 3d DCA 2009) (finding acts were not isolated where defendant pled guilty to over fifty separate money laundering transactions over the course of more than six months). We find that Hollinger's multiple offenses cannot be considered to be isolated.[3]

Accordingly, we reverse and remand for resentencing.[4]

---

[3] We recognize the holdings in State v. Merritt, 714 So. 2d 1153 (Fla. 5th DCA 1998), and State v. Randall, 746 So. 2d 550, 552 (Fla. 5th DCA 1999), but find that this case is distinguishable based on the number of offenses that occurred over a span of several months as opposed to several days.

[4] The trial court is not precluded from resentencing Hollinger to a downward departure if the sentence is supported by valid grounds and there is competent,

REVERSE and REMAND for resentencing.

EVANDER, BERGER and WALLIS, JJ., concur.

---

substantial evidence to support those grounds.  See <u>Jackson v. State</u>, 64 So. 3d 90, 93 (Fla. 2011).