# Supreme Court of Florida

_____

No. SC18-688
_____

**DEREK LANG SHINE, JR.,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

June 13, 2019

LAWSON, J.

We accepted review of *State v. Shine*, 43 Fla. L. Weekly D224 (Fla. 3d DCA Jan. 24, 2018), on grounds that the Third District's opinion in *Shine* expressly and directly conflicts with a decision from this Court, *Jackson v. State*, 64 So. 3d 90 (Fla. 2011), as well as decisions from all other district courts of appeal, *Lee v. State*, 223 So. 3d 342 (Fla. 1st DCA 2017), *quashed on other grounds*, 258 So. 3d 1297 (Fla. 2018); *State v. Milici*, 219 So. 3d 117 (Fla. 5th DCA 2017); *State v. Pinckney*, 173 So. 3d 1139 (Fla. 2d DCA 2015); and *State v. Michels*, 59 So. 3d 1163 (Fla. 4th DCA 2011), on the issue of whether a defendant is entitled to a de novo sentencing proceeding after an appellate court determines that the trial court's

initial downward departure sentence was not supported by legally sufficient findings. We have jurisdiction. *See* art. V, § 3(b)(3), Fla. Const.[1] For the reasons that follow, we hold that the proper remedy upon reversal of a sentence due to the invalidity of a downward departure is resentencing de novo. We quash the Third District's decision and approve the conflict cases to the extent they are consistent with our holding.

In the trial court proceedings underlying the Third District's decision, Derek Lang Shine, Jr., pled guilty to four offenses and was placed on probation. Thereafter, the trial court revoked Shine's probation and revisited his sentence, imposing a downward departure from what otherwise would have been the lowest

---

1. Shine also argued that the Third District's decision below expressly and directly conflicts with *Franquiz v. State*, 682 So. 2d 536 (Fla. 1996), on the issue of whether a prior downward departure based on a legitimate, uncoerced plea agreement is a valid reason to depart downward from the lowest permissible sentence under the Criminal Punishment Code upon revocation of the probation imposed as part of the prior plea. A majority of the Court does not find express and direct conflict with *Franquiz*, which held that "a prior downward departure is sometimes a factor but never a guarantee for a subsequent downward departure by a trial court, which must explain in writing why the departure was a factor." *Id*. at 537. This is because the majority does not read *Shine* as holding that a prior downward departure pursuant to a legitimate, uncoerced plea agreement can never support a subsequent departure, which would expressly and directly conflict with *Franquiz*. We have elected not to address this issue, and our decision to only address the conflict issue should not be viewed as a determination on the merits of Shine's arguments on this issue.

permissible sentence under the Criminal Punishment Code (CPC).[2] The State

objected to the departure and appealed Shine's sentence to the Third District. The

Third District determined that the departure was invalid and, consequently,

reversed and remanded for "resentencing within the sentencing guidelines." *Shine*,

43 Fla. L. Weekly at D224. Shine sought review in this Court based on express

and direct conflict with cases holding that a trial court may impose a new

downward departure on remand from the reversal of a downward departure.

*Jackson*, 64 So. 3d at 93; *Lee*, 223 So. 3d at 360; *Milici*, 219 So. 3d at 121-23;

*Pinckney*, 173 So. 3d at 1140; *Michels*, 59 So. 3d at 1166.

    We previously considered the issue raised by this conflict in *Jackson*. In

*Jackson*, we accepted review of a district court decision to determine "whether an

appellate court that reverses the imposition of a downward departure sentence must

remand for resentencing within the CPC, or whether it may remand for

resentencing outside of the CPC." 64 So. 3d at 91. Observing that "nothing within

the CPC precludes the imposition of a downward departure sentence on

resentencing following remand," *id.* at 93, we held that "on remand for

resentencing a trial court is permitted to impose a downward departure when the

---

2. §§ 921.002-.0026, Fla. Stat. (2014).

trial court finds a valid basis for departure as prescribed under the [CPC]," *id*. at 91.

The State contends that *Jackson* does not govern the remedy for an erroneous downward departure in all circumstances, relying on the trial court's failure to provide written reasons for departure in that case as a distinguishing factor. As the State also acknowledges, however, the trial court in *Jackson* also erred by relying on an invalid basis for departure in its oral pronouncement. *Id*. at 91. And, in this context, this Court framed the issue in *Jackson* broadly, not limiting the remedy question to a reversal predicated on a lack of written findings. *See id*. Moreover, whether a downward departure is reversed for substantive invalidity or for a lack of written reasons, the reasoning this Court provided in *Jackson* for allowing a new downward departure on remand applies equally: "[N]othing within the CPC precludes the imposition of a downward departure sentence on resentencing following remand." *Id*. at 93. The CPC has not changed in this regard since our decision in *Jackson*. *See* §§ 921.002-.0026, Fla. Stat. (2018). Our decision in *Jackson* is also consistent with the general proposition that "resentencing is a de novo proceeding" where the defendant is entitled to "the full array of due process rights" and the parties may present new evidence. *State v. Collins*, 985 So. 2d 985, 988-89 (Fla. 2008) (citation omitted). For these reasons, we reaffirm *Jackson* and expressly hold that, on remand for resentencing due to the

substantive invalidity of a downward departure, the trial court is permitted to impose a downward departure as long as the departure "comports with the principles and criteria" of the CPC. *Jackson*, 64 So. 3d at 93.

In accordance with this holding, we approve *Lee*, *Milici*, *Pinckney*, and *Michels* to the extent they are consistent with this opinion, quash *Shine*, and remand to the Third District for further proceedings consistent with this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAGOA, and MUÑIZ, JJ., concur. LUCK, J., recused.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

Third District - Case Nos. 3D15-2876 and 3D15-2877

(Monroe County)

Carlos J. Martinez, Public Defender, Jeffrey Paul DeSousa and Shannon Hemmendinger, Assistant Public Defenders, Eleventh Judicial Circuit, Miami, Florida,

for Petitioner

Ashley Moody, Attorney General, Tallahassee, Florida, Michael Mervine, Bureau Chief, and Jonathan Tanoos, Assistant Attorney General, Miami, Florida,

for Respondent